UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| MATTHEW STANEK, by and through his Parents, SANDRA STANEK and BOGDAN STANEK, ) ) ) ) Plaintiffs, ) v. ) ) BOARD OF EDUCATION OF ) SAINT CHARLES COMMUNITY UNIT ) SCHOOL DISTRICT #303, *et al.*, ) ) Defendants. ) | Case No. 13-cv-3106<br><br>Judge John W. Darrah |

## ORDER

Defendants' Rule 12(e) Motion for a More Definite Statement [7] is granted. Plaintiffs are granted leave to amend their Complaint in accordance with Federal Rules of Civil Procedure Rules 8, 10 and 11, within thirty days of this Order. See statement below.

## STATEMENT

Plaintiffs, proceeding *pro se*, initiated this action on April 1, 2013, in the Circuit Court of Kane County. Defendants thereafter removed it to federal district court. Plaintiff Matthew Stanek is an eighteen-year-old high school senior at Saint Charles North High School, who is eligible for special education and related services for his autism. (Compl. p. 2.) The Complaint centers on Defendants' alleged failures with respect to Matthew's Individual Education Plan ("IEP"), including failure to communicate with Matthew's parents about the IEP and failure to provide Matthew with an appropriate public education. (*Id.* at pp. 3-5.)

Rule 12(e) motions, which call for a more definite statement, are generally disfavored. These motions should only be granted when the defendant is unable to draft a responsive pleading due to the complaint being unintelligible. *Moore v. Fidelity Financial Servs., Inc.*, 869 F. Supp. 557, 558-60 (N.D. Ill. 1994); *Wishnick v. One Stop Food & Liquor Store, Inc.*, 60 F.R.D. 496, 498 (N.D. Ill. 1973) ("[Rule 12(e)] makes it plain that the rule is designed to strike at unintelligibility rather than want of detail. If the pleading meets the requirements of Rule 8 . . . and fairly notifies the opposing party of the nature of the claim, a motion for a more definite statement should not be granted."). Rule 8 requires only a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Rule 10 requires parties to state claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and also to separate their claims in order to clarify the complaint. Fed. R. Civ. P. 10(b); *see also Patrick Patterson Custom Homes, Inc. v. Bach*, 586 F. Supp. 2d 1026, 1038 (N.D. Ill. 2008) (Rule 10(b) requires claims be set forth in "separate counts . . . only when necessary to

clarify the claims"). *Pro se* litigants are given more leeway than licensed attorneys when assessing their pleadings, but they still must adhere to the Federal Rules of Civil Procedure. *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) ("courts are required to give liberal construction to *pro se* pleadings . . . [but] it is also well established that *pro se* litigants are not excused from compliance with procedural rules.").

In this case, a more definite statement is appropriate, as Plaintiffs' allegations and causes of action are impossible to decipher. The Complaint is largely in narrative form, although it contains some numbered, non-sequential paragraphs. It contains no counts and makes references to many federal and Illinois state laws, including the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*; Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; and Section 1983 of the Civil Rights Act ("Section 1983"), 42 U.S.C. § 1983. It is unclear which Plaintiffs are asserting which claims, and it is similarly unclear against which Defendants the claims are being asserted. This confusion makes it difficult for any of the numerous Defendants (ten are named) to respond adequately to the Complaint. Even applying the liberal standard afforded to *pro se* complaints, Plaintiffs' confusing allegations do not give the Defendants fair notice of the claims being brought against them.

Indeed, Plaintiffs admit the shortcomings of their Complaint. In their Reply brief, Plaintiffs state, "if the Court finds it necessary to further clarify the claims in the Complaint or to state all the claims in numbered paragraphs, Plaintiffs will amend their Complaint to comply with the Federal Rules of Civil Procedure." (Reply at 3.) Defendants' 12(e) Motion is granted. Plaintiffs are granted leave to amend their Complaint in accordance with Rules 8, 10 and 11. Plaintiffs are also advised that there is a District Court *Pro Se* Assistance Program; appointments can be made at the Clerk's Office Intake Desk, Dirksen Building, 219 S. Dearborn, 20th floor, Chicago, Illinois.

Date: August 27, 2013

JOHN W. DARRAH
United States District Court Judge