## IN THE UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF ILLINOIS

### EASTERN DEVISION

**FILED**

CLERK
U.S. DISTRICT COURT

SEP 2 6 2013

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| MATTHEW STANEK | ) | |
| SANDRA STANEK | ) | |
| BOGDAN STANEK | ) | |
|  | ) | |
| Plaintiffs, | ) | |
|  | ) | Case No. 13 C 03106 |
| v. | ) | District Judge John W. Darrah |
|  | ) | |
| SAINT CHARLES COMMUNITY UNIT | ) | |
| SCHOOL DISTRICT #303, | | |

Dr. Donald Schlomann, in his Individual and Official Capacity as Superintendent of CUSD 303; Dr. John Knewitz, individually and in his official capacity as Assistant Superintendent for Special Services; Beth Jones, individually and in her official capacity as Associate Director of Special Education; Korie Bowers, individually and in her official capacity as Special Education Case Manager; Kimberly Zupec, individually and in her official capacity, Kathy Zimmer, individually and in her official capacity as a Spanish teacher; Shanon VonEssen, individually and in her official capacity as a English teacher, Justin Dohm, individually, and in his official capacity as a Pre Calculus teacher; Bethany Herrera, individually and in her official capacity as an AP Psychology teacher, Cindy Sulak, individually and in her official capacity as a History teacher;  **Defendants**                                      )

)    **DEMAND FOR JURY TRIAL**

## FIRST AMENDED COMPLAINT

1. This action is an appeal of the Illinois Due Process Hearing Decision and Order of the Administrative Judge, Breen Greco on November 30th, 2012 , pursuant to the Individuals with Disabilities Education Act, ( hereinafter IDEA), 20 U.S.C.& 1415 (e) (2); and an action pursuant to 42 U.S.C. Sec. 1983, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. &794,the Due Process and Equal Protection Clauses of the United States Constitution, for money damages by a student with disability and his parents against a public school teachers and other school officials for discrimination, disability harassment, retaliation, and mental abuse.

### JURISDICTION AND VENUE

1

2. Jurisdiction is conferred upon this Court pursuant to the Individuals with Disabilities Education Act (IDEA), (20 U.S.C. § 1400 et. seq.), 28 U.S. C. § 1331, 1343(3) and (4), 42 U.S.C. § 1983, 42 U.S.C. § 1988, Section 504 of the Rehabilitation Act of 1973 (42 U.S.C. § 794 et. seq.), and the Due Process and Equal Protection Clauses of the United States Constitution

3. The Saint Charles School District 303 is a Public School governed by the laws of the State of Illinois, the laws of the United States, and the Constitution of the United States in carrying out these duties and responsibilities.

4. Venue is properly laid in the United States District Court for the Northern District of Illinois, Eastern Division because all parties reside in the state of Illinois and all events involved herein, transpired in Illinois.

## PARTIES

5. The Plaintiffs, Matthew Stanek and his Parents, Sandra Stanek and Bogdan Stanek file this First Amended Complaint against Defendants, Saint Charles School District 303 at el.

6. Plaintiff, Matthew Stanek is a nineteen years old born on September 13th, 1994. He currently attends Loyola University of Chicago as a full time student. Matthew and his Parents, Sandra and Bogdan Stanek have resided in the city of Saint Charles, Illinois at all times relating to this matter. Matthew is a student with disability as defined by state and federal law who was diagnosed with Autism at age three in 1997, by Pediatric Neurologist Dr. Philipps at Loyola University Medical Center. He attended Saint Charles North High School from 2009 to 2013. He was eligible to receive and St. Charles School District 303 was obligated to provide him with Special education Services under the Individuals with Disability Education Act (IDEA) as amended 20 U.S. C. and 1400 ed. seq. and a "qualified individual" under Section 504 of the Rehabilitation Act of 1973. Also, he has been entitled to a free appropriate public education ("FAPE") under the IDEA, 20 U.S.C. &1401 et seq.

7. Plaintiff, Sandra Stanek is a mother of the student, Matthew Stanek. Mrs. Stanek attended Matthew's IEP meetings and she is knowledgeable about the drafting of his IEP and Matthew's academic progress- regress in his classes as well as about discriminatory, retaliatory actions, harassment and mental abuse by the Defendants during her son's Junior year at the St. Charles High School She communicated with the Defendants regarding parents' concerns with Matthew's performance in his classes and his accommodations not being followed.

8. Plaintiff. Bogdan Stanek is a father of Matthew Stanek who also attended IEP meetings and is knowledgeable about the drafting of his IEP and Matthew's academic progress- regress in his

classes as well as about discriminatory, retaliatory actions, harassment and mental abuse by the Defendants during Matthew's Junior year at the St. Charles High School.

9. Defendants, Saint Charles Community Unit School District # 303 was responsible for providing Matthew Stanek with a free appropriate public education (FAPE) under the Individuals with Disabilities Education Act.

10. The Defendant, Saint Charles Community Unit School District # 303, is a public corporation which has the duty to set educational policy and to ensure that the educational system protects the rights of students with disability to a FAPE, pursuant to Public Law 94-142 20 U.S.C. :1400 et. seq; and implementing regulations; 34 C.F.R. 300.340 and 300.235. 8. The Saint Charles School District 303 is agency that is a recipient of federal financial assistance for purposes of the Individuals with Disabilities Education Act

11. Defendant, Dr. Donald Schlomann, is the superintendent of St. Charles School District 303 Schools and as such is responsible for the administration of educational services as well as the duty to see that principals and teachers under his supervision provide students with disability a FAPE as required by state and federal law.

12. Defendant, Dr. John Knewitz is Assistant Superintendent for special Services at St. Charles School District 303, and as such is responsible for the administration of educational services as well as the duty to see that principals and teachers under his supervision provide students with disability a FAPE as required by state and federal law.

13. Defendant, Beth Jones is Associate Director of Special Education at at St. Charles School District 303, and as such is responsible for the administration of educational services as well as the duty to see that principals and teachers under her supervision provide students with disability a FAPE as required by state and federal law.

14. Defendant, Kory Bowers, was a Special Education Case Manager at St. Charles School District 303, and as such was responsible for the administration of educational services as well as the duty to see that principals and teachers under his supervision provide students with disability a FAPE as required by state and federal law.

15. Defendant, Kimberly Zupec, was the principal of St. Charles North High School during the time relevant in this matter and as such was responsible for the administration of educational services at SCN High School and the duty to see that students with disability at SCN High School were afforded their rights to a FAPE under state and federal law.

16. Defendant, Kathy Zimmer, is a public school Spanish teacher at St. Charles North High School and was Matthew Stanek's teacher during relevant time periods and as such was responsible for the daily delivery of a Free Appropriate Public Education (FAPE) to the Plaintiff.

17. Defendant, Shanon VonEssen, is a public school English teacher at St. Charles North High School and was Matthew Stanek's teacher during relevant time periods and as such was responsible for the daily delivery of a Free Appropriate Public Education (FAPE) to the Plaintiff.

18. Defendant, Justin Dohm, is a public school Math teacher at St. Charles North High School and was Matthew Stanek's Pre Calculus teacher during relevant time periods and as such was responsible for the daily delivery of a Free Appropriate Public Education (FAPE) to the Plaintiff.

19. Defendant, Bethany Herrera is a public school AP Psychology teacher at St. Charles North High School and was Matthew Stanek's teacher during relevant time periods and as such was responsible for the daily delivery of a Free Appropriate Public Education (FAPE) to the Plaintiff.

20. Defendant, Cindy Sulak, is a public school History teacher at St. Charles North High School and was Matthew Stanek's teacher during relevant time periods and as such was responsible for the daily delivery of a Free Appropriate Public Education (FAPE) to the Plaintiff.

## STATEMENT OF FACTS

21. Matthew Stanek was born on September 13th, 1994. He is nineteen years old.

22. Matthew has autism. Autism is developmental disability significantly affecting verbal and non verbal communication and social interaction that adversely affects student's educational performance.

23. He has qualified for Early Childhood services at age 3 and began receiving services to address delays in expressive and receptive language, communication, motor functioning, sensory integration, and social skills. He began receiving services through Easter Seals which continued through 2002.

24. Matthew continued to qualify for special education services under the eligibility category of Autism. He continued to have qualitative impairment in Social interaction, marked impairment in the use of multiple non verbal behavior to regulate social interaction such as eye to eye gaze, facial expression, body posture and gestures. He also failed to develop peer relationships appropriate to development level, lacks spontaneous seeking to share enjoyment, interest, or achievement with other people, and lacks social and emotional reciprocity.

25. Matthew demonstrates impaired ability with social communication and marked impairment in the ability to initiate or sustain conversation with others. Furthermore, Matthew has resistance to change in a daily routine and environmental change. Because of Matthew Stanek's disability, he has a difficulty with time management, organization, and stress management as well as retaining and following directions which all adversely impact his ability to perform in some academic settings. These deficit may adversely impact his postsecondary college and career goals.

26. Due to these deficits, his educational program was adapted to provide for extended time as needed on tests, quizzes, projects, and homework assignments in a regular classroom setting.

27. Matthew was eligible for extended time and alternate- small group testing on state assessments such as ISAT/ PSAE, ACT and Finals to test over multiple days. Specific Study guides should have been provided for each assessment with only the assessed materials marked with three days advance and finals study guides provided one week in advance and allow for check inns with teacher. If Matthew had multiple assessments in one day(3 or more), Matthew had the option to set up alternative day to take the assessment to reduce stress and anxiety concerning amount of assessments in a short period of time. Teachers should check for clarification and clarify expectations and solicit a check to make sure that Matthew has understood directions or expectations. Any changes to his schedule should be provided to Matthew as soon as possible, at least 24 hours in advance.

28. Instructional accommodations: Cue for on task behavior, help transition from one task to another as needed, teachers are supposed to supplement directions given verbally with written information and email Matthew and his parents these written directions, teachers supposed to check to make sure that Matthew has understood the directions given or is provided with written directions to supplement those verbal directions.

29. This type of accommodation was appropriate for Matthew and was provided at St. Charles Elementary School, Middle School, and High School Freshman and Sophomore year until the Junior year at St. Charles North High School. With these accommodations, Matthew was able to receive A's and B's in all of his classes, including Honors Classes his Freshman and Sophomore year in High School.

30. In the Fall of 2012, the Plaintiff, Matthew Stanek entered his Junior year when he continued to take all honors classes and one AP class, Psychology class as recommended by an IEP Team.

31. The Plaintiff, Matthew Stanek was assigned Mrs. Bethany Herrera for his AP Psychology class who shortly notified the Parents that Matthew should not be in her AP class, but instead drop the class and move to a regular Psychology class. She explained that her AP class will be too challenging for Matthew. She expressed that extended time is actually hurting Matthew. Mrs. Zimmer, his Honors Spanish teacher also requested that Matthew drops Spanish class since Matthew is "overwhelmed with so many classes" and she did not think he will be successful.

32. Parents were surprised by these statements by Matthew's teachers, since it was recommended by an IEP Team that Matthew takes these classes. Also Matthew excelled in Spanish I, Spanish II, and Spanish III receiving only A's as a final grades .It was reasonable to believe he should be doing fine in Spanish IV.

33. Matthew received low grades (D's and C's) in most subjects during the first semester of his junior year at St. Charles  High School and failed two of his classes, Math and Spanish in the second semester.

34. Concerned about their son's low grades, the Plaintiffs, Sandra and Bogdan Stanek, scheduled an IEP meeting with Matthew's teachers and case manager to discuss their son's IEP not being followed and to stress the need for extra time to be given to Matthew for his assignments and projects since he was losing hundreds of points for being sometimes just a few hours late. 35.

Matthew's IEP goals and accommodations were never reviewed with the case manager within the first two weeks of school as agreed on Matthew's IEP. Instead parents had to beg to schedule an IEP meeting to discuss Matthew's accommodations not being followed.

36. At the IEP meeting on November 4th, 2012, Matthew's Parents expressed their concern that Spanish teacher, Mrs. Kathy Zimmer and Pre Calculus teacher Mr. Dohm are not providing specific study guides as agreed on his IEP, Individual Education Plan. As a matter of fact, they were not providing him with any study guide. Parents also expressed their concern that teachers are not clarifying their expectations on assignments and projects and no emails were sent to student with written directions specifically for him. Further, Parents expressed their concern that Matthew's teachers (Defendants) are not providing Matthew with extended time as needed on his tests, quizzes and assignments. All Matthew's teachers besides his Honors Physics teacher, Mr. Meggesin who is not part of this lawsuit agreed that extended time actually hurts Matthew.

37. Parents did not agree that extended time hurts Matthew; instead they insisted that his teachers (Defendants) provide him with extended time as needed and with the specific study guides so Matthew can prepare himself efficiently. Parents also asked his Spanish teacher to email study guide and notes from the class to Matthew, but she refused saying that he should take notes himself in the class and that should be his study guide. Matthew expressed that he is unable to take notes and listen to her power point presentation at the same time since that is a part of his disability, but Mrs. Zimmer insisted that giving a study guide to Matthew would modify the curriculum and she cannot do that. The meeting was cut short since parent broke down emotionally.

38. Matthew's case manager from previous years left for medical reasons at the beginning of the school year without any notice to Student or Parents. Matthew was left without a replacement for almost a month before a new case manager was assigned. During this time, Matthew struggled without any help and developed extreme anxiety, severe headache, and abdominal pains causing him to miss many classes and fall behind. After Parents complained that Matthew's IEP is not being followed, written direction and clarification not given, and study guides not provided, Matthew's new case manager, Rory Pine, threatened the Parents in his email on November 16th, 2012. Shortly, he was replaced by Defendant, Mrs. Kory Bowers, Special Education Case Manager

39. After Matthew refused to move to a regular Psychology class and refused to drop his Honors Spanish class, and Parents started questioning teachers about accommodations not being followed, Matthew's teachers ( Defendants), started retaliating by entering wrong grades, omitting to enter good grades, intentionally failing to follow his IEP, refusing to respond to student's questions regarding his education, explain his work and show him his graded work.

40. Matthew's teachers, (Defendants) also failed to respond to Parents' questions regarding Matthew's education and show Matthew's graded work.

41. Both Defendants, Beth Jones, Associate Director of Special Education, and Case Manager, Kory Bower were present at the IEP meeting when Parents expressed their concerns about Matthew's IEP not being followed, specific study guides were not provided by Matthew's

6

teachers, Matthew was not receiving clear direction about his assignments and Matthew's grades suffered greatly. Both of them failed to respond to the written and oral inquires of the Parents about the failure to implement Matthew's IEP. The only explanation given was that AP classes and Honors classes are too advanced for a special education student like Matthew and teachers do not have to accommodate Matthew in these classes. Parents also questioned Mrs. Herrera's 0 policy for Matthew's work that is 100% completed and accurate, but turned in late just a day or two. Matthew lost hundreds of points for just being late sometimes just a few hours. He was punished for his disability without any regards for his psychological and emotional state.

42. Saint Charles School District 303 was not interested with Matthew's academic performance in his classes, they mostly concentrated how to lower his grades when he could not meet the deadlines. When the Parents complained in writing to the High School Principle, Mrs. Kimberly Zupec, about teachers not providing accommodations and entering wrong grades they were ignored and never received any response. Also, most of the emails sent to Matthew's teachers were sent to Mrs. Zupec and Mr. Mark Moore, Assistant Principal, and Mrs. Bowers, Matthew's Case Manager or Mrs. Jones.

43. Parents also asked for extra time to be given to Matthew to turn in his Pre Calculus graded assignments since Matthew was losing so many points for turning his work late with 100% completion. Parents were told that these kind of problem sets are supposed to be done together at "problem sets parties" and not alone as Matthew was doing them. However, Matthew's case manager, Kory Bowers and his Pre Calc teacher as well as school administration were aware that Matthew is autistic student who does not have any social skills, does not have any friends and he was not able to fit into any groups to work on the math problem sets together. They knew it took Matthew much longer time to finish the problems on his own, but they ignored it and punished him for his disability. Mrs. Kory Bowers told parents in writing that she will find a group for Matthew to work together, but she never did or tried. Instead, Matthew was losing so many points for work that he always completed 100%, but turned in late. After the Parents complained, his Pre Calculus teacher, Mr. Dohm, retaliated by not showing him his graded papers, tests, quizzes, and final and refusing to explain his graded work. Also, he never provided Matthew with a study guide as agreed in his IEP. Parents hired tutors to compensate for failure of implementing Matthew's IEP, but they could not help Matthew since by this time Matthew suffered from extreme anxiety and lived in a constant fear of failing in his classes or receiving bad grades.

44. Defendants, Matthew's teachers, assigned wrong grades or "forgot" to enter good grades to Matthew several times throughout the year, and those were changed only when Parents pointed to "mistakes".

45. By not accommodating Matthew in their classes and not providing him with his graded assessments, and not explaining what he had done wrong, School District deprived Matthew of his rights to an equal education. Mrs. Herrera and Mrs. Von Essen, his Honors English teacher expressed to the Parents several times, verbally and in writing that extra time actually hurting Matthew even that he regularly struggled to finish his work in a time that was given to his non disabled peers. When the Parents complained about Matthew receiving lower grades for not meeting the timelines, his teachers (Defendants) retaliated by entering wrong grades and

lowering his grades even when he met the deadlines. These kinds of retaliatory actions and mental abuse caused extreme anxiety, loss of self esteem, emotional stress, and physical pains to the Plaintiff, Matthew Stanek.

46. In February 2012, Matthew was due for a triennial reevaluation and on December 1st, 2011, the Parents provided written consent for the reevaluation. However, on February 1st, 2012, the Parents withdrew consent because educators who retaliated, harassed, discriminated, mentally abused Matthew, refused to follow his IEP, entered wrong grades, etc. were not competent to conduct the reevaluation. His teachers who are Defendants in this case were the major part of this reevaluation and Parents could not trust them.

47. On February 1st, 2012, Parents were notified that IEP meeting scheduled for next day has been cancelled due to Parents' revocation of consent for re-evaluation. This meeting was supposed to be Annual Review of Matthew's IEP that should have taken place at the beginning of the school year and it should have addressed the issue of Matthew's safety in light of a recent assault that occurred on January 26th in the hallway of the St. Charles North High School. Finally, it should have been also Re- evaluation meeting where parents and school could discuss parents suspension of the re-evaluation and how to complete Matthew's re-evaluation without interference with his education.

48. Another IEP meeting was scheduled to take place on February 29th, 2012. At this meeting Parents were told by Mrs. Beth Jones that they will finally have an opportunity to discuss their concerns regarding Matthew's teachers not following his accommodations and Matthew's educational needs.

49. On February 28th, 2012, Parents received an email from Mrs. Beth Jones that next day, February 29th IEP meeting has been cancelled due to the fact that District still does not have Parents' consent for re-evaluation. When Parents asked again for an IEP meeting, Mrs. Jones replied that we are in a Due Process Hearing so there will be no IEP meetings.

50. On March 21st, 2012, Parents received a phone call from Matthew's water polo coach that Matthew was accidentally poked in his right eye by another athlete and his eye was bleeding. Parent took Matthew to emergency room where Matthew was treated for an injury for several hours. His cornea was badly scratched and bleeding and Matthew was screaming in pain. He was sent home with pain medication, antibiotic drops and recommended rest. Matthew's mother sent an email to school letting all his teachers know of Matthew condition and asking them to excuse him from any testing until he recovers. This was a week right before a Spring Break and a lot of testing was going on. Next day Matthew came to his classes with one eye completely covered with bandage. By being unable to use his glasses, he was legally blind. However, regardless the email that Parent sent, Mrs. Herrera harassed Matthew to take the test with no regards for his injured eye or an email that Parent sent. Matthew could not read the text and refused to take the test. When Matthew came back after one week, she threatened him with 0 points if he did not take the test Wednesday morning.

51. Mrs. Herrera was not the only one who harassed Matthew to take test next day after his eye injury. Mrs. Zimmer, his Spanish teacher also wanted to do graded debate with Matthew that

day. When Matthew refused, she sent an email that Matthew will be having debate with another student next day. Parents decided to keep Matthew at home next day, the last day before Spring Break since Matthew's eye was still bleeding and he was still in a lot of pain. As a result Matthew never had debate with Mrs. Zimmer or another student. He was not excused from this assignment, but given 0 which tremendously lowered his grade regardless of doctor's note that explained his injury and Parent's email. This was not a single incident where Matthew was harassed by Mrs. Zimmer. Sometimes in late April, 2012 Matthew was laying down in the nurse's office with stomach pain when Mrs. Zimmer entered the room and requested from him to take the quiz. On February 29th, 2012, Mrs. Zimmer administered listening portion of Spanish History test to Matthew the last 10 minutes of the class. Matthew was disturbed since students were talking in the class and after the bell rang they made a lot of noise packing up their books. Parent emailed her regarding both incident, but she never responded. Mrs. Zimmer did not provide Matthew with a study guide for his Spanish final exam in the second semester, and he never seen his final test. Parents requested to see the final, tests and quizzes in their email to Mrs. Zupec on June 6th, 2012, but they never gotten any respond. Due to an unfair treatment Matthew suffered from symptoms of physical illness, and academic decline.

52. On May 3rd, 2012 Plaintiffs, Sandra and Bogdan Stanek requested a Due Process Hearing alleging retaliation, discrimination, harassment, and mental abuse of their son, Matthew by the District. Parents also claimed that the School District denied their request to convene IEP meetings, and other procedural violations of IDEA, specifically the District's implementation of Matthews accommodations as set in his IEP and denial of FAPE.

53. On November 30th, 2012, the decision of the hearing officer Breen- Greco was received and Plaintiffs' case was dismissed.

54. Pursuant to 20 U.S. C. &1415 (e), and 34 C.F.R.& 300.511 the Plaintiffs are a party aggrieved by the decision.

55. The refusal and the negligence of the Defendants to provide appropriate accommodations as required by the child's IEP resulted in an unauthorized and illegal change in special education services to the Plaintiff, Matthew Stanek., in violation of Matthew Stanek's rights to procedural safeguards as guaranteed by federal law and implementing regulations. 20 USC S1400, et seq. and 34 CFR 300.500 et. seq.

56. During all relevant time periods Defendants, Kimberly Zupec who was the Principal of Saint Charles High School, and Dr. Donald Schlomann, Superintendent of CUSD 303, knew or should have known of the failure of Defendants, Matthew's Teachers, to deliver to the Plaintiff, Matthew, a FAPE in conformance with state and federal law, but failed to require Defendants' compliance. Also, they knew, or should have known of retaliatory actions, harassment, discrimination, and mental abuse was taking place against Matthew in the building of the St. Charles North High School and they failed to investigate or stop it.

57. During all relevant time periods Defendants, Dr. John Knewitz, Assistant Superintendent for Special Services at CUSD 303, Mrs. Beth Jones, Assistant Director of Special Education at CUSD 303, knew or should have known of the failure of Defendants, Matthew's Teachers, to

deliver to Matthew, a FAPE in conformance with state and federal law, but failed to require Defendants' compliance.

58. As a direct and proximate result of the negligent and intentional acts of retaliation, harassment, discrimination and mental abuse, the Plaintiff, Matthew Stanek, failed his Spanish course and Pre Calculus Class during the second school semester, 2012 and received low grades in the rest of his classes.

59. As a direct and proximate result of the negligence and/or intentional acts and omissions of the Defendants, the Plaintiff, Matthew Stanek, in addition to failing two classes, and receiving low grades in other classes was subjected to embarrassment and shame within the school community.

60. Plaintiffs, Sandra and Bogdan Stanek asked School administrators to provide Matthew's educational records several times in writing throughout the school year, but they were ignored every time.

## FIRST CAUSE OF ACTION

## IDEA-Administrative Appeal to Court

61. Matthew Stanek and his parents, Sandra and Bogdan Stanek hereby restate in full and incorporate by reference the allegations contained in Paragraphs 1 through 60.

62. The defendant St. Charles School District 303 defaulted in their obligation to provide Matthew with a free appropriate public education.

63. On May 3rd, 2012 Plaintiffs, Sandra and Bogdan Stanek requested a Due Process Hearing alleging retaliation, discrimination, harassment, and mental abuse of their son, Matthew by the District. Parents also claimed that the School District denied their request to convene IEP meetings, and other procedural violations of IDEA, specifically the District's failure to implement Matthews accommodations as set in his IEP and denial of FAPE.

64. On November 30th, 2012, Illinois State Board's Hearing Officer, Breen –Greco dismissed Parents request for a Due Process Hearing.

65. This action is an appeal of the Decisions of the Administrative Hearing and, pursuant to the Individuals with Disabilities Education Act, (20 U.S.C. § 1415(e)(2),(3),(4)(A)+(B) and 1415(f)),

66. The plaintiffs have exhausted their administrative remedies and are aggrieved by the findings and Decisions of the Hearing Officer.

67. Pursuant to 105ILCS 5/14- 8.02a (i), civil action shall be brought in any court of competent jurisdiction within 120 days after a copy of the decision was mailed to the party.

## RELIEF

68. The Plaintiffs request that this Court hear evidence related to the parent's request for compensatory and punitive damages due to the fact that St. Charles School District #303 and Individual Defendants failed to provide FAPE for Matthew, and they engaged in retaliatory, discriminative, harassing actions and mental abuse of Plaintiffs and awards Matthew Stanek and his Parents relief that Plaintiffs believe they are entitled.

## 2. SECOND CAUSE OF ACTION

## SECTION 504
## OF
## THE REHABILITATION ACT

69. The Plaintiffs re allege and incorporate Paragraph 1 through 68 as through fully set forth herein.

70. Section 504 of the Rehabilitation Act of 1973 and its implementing regulations prohibit discrimination against any disabled person solely by reason of his disability by a recipient of federal financial assistance.

71. Defendants receive, expend, or administer the expenditure of federal funds within the meaning of § 504.

72. As recipients of public funds, the defendants must ensure the provisions of a free appropriate public education to each qualified disabled student under their legal authority to serve, regardless of the severity of the student's disability.

73. With regard to Matthew Stanek, a free appropriate public education should have included his identification as a student with disability and the provision of special education and related services designed to meet his needs as adequately as the needs of non-handicapped students.

74. Section 504 also mandates a system of procedural protections, including notice and a meaningful opportunity to be heard, with respect to actions regarding the identification, evaluation, educational placement and provision of special education and related services to Matthew.

75. The defendants knew that Matthew Stanek was a child with a disability upon his enrollment as a student in the Saint Charles School District #303.

76. Matthew Stanek is a qualified individual with a disability, who was excluded from or denied the benefits of the Honors program and Advanced Placement program in the St. Charles School District and such treatment was by reason of his disability.

11

77. Matthew Stanek was denied access to special education services for his Autism in his Honors classes and Advanced placement (AP) Psychology class from the September 2011- June 2012

78. The defendants denied Matthew the benefit of their educational programs and otherwise discriminated against him based solely on his handicap..

79. Defendants' actions deprived Matthew Stanek of a free appropriate education and deprived his parents of their right to participate in and be informed of their child's special educational program.

80. The procedural inadequacies resulted in a loss of Matthew Stanek's educational opportunity. These inadequacies seriously infringed upon the parent's right to meaningfully participate in the IEP formulation process and resulted in the denial of FAPE .

81. Defendants violated the rights of Parents to participate in their child's educational program in 2011/2012 by the following actions:

82. Failing to respond to the written inquiries of the parents about failure to implement the child's IEP

83. Failing to provide the parents with access to their son's educational records

85. Failing to respond to requests from the parents for copies of the records concerning their son Matthew on eight separate occasions

86. Intentionally failing to implement an IEP developed with the parent's consent. See, 20 USC Sections 1415(b)(1) and (c), 1401(18), 1400(c); 34 CFR Sections 300.500, 300.504(a)(1), 300.504(b)(ii), 300.533; 34 CFR Section 300, et seq., Appendix C

87. Failing to consider what additional services should be implemented to achieve the failed goals set forth in Matthew's IEP. See, 20 USC Section 1401(20)(F); 34 CFR Section 300.346

88. Procedural safeguards are provided to parents of children with disabilities pursuant to 20 U.S.C. Section 1415 which states:

> Any state educational agency, any local educational agency, and any intermediate educational unit which receives assistance under this part shall establish and maintain procedures in accordance with Subsection (b) through Subsection (e) of this section to assure that children with disabilities and their parents or guardians are guaranteed procedural safeguards with respect to the provision of a free appropriate public education by such agencies and units.

89. District's failure to provide the Plaintiffs with Matthew's educational records violated Procedural safeguards required by this Section that include:

(a) ) An opportunity for the parents or guardian of a child with a disability to examine all relevant records with respect to the identification, evaluation and educational

placement of the child, and the provision of a free appropriate education to such child, and to obtain an independent educational evaluation of the child;

(b) 34 CFR Section 300.502 entitled "Opportunity to examine records," states: The parents of a handicapped child shall be afforded, in accordance with the procedures of Sections 300.502-300.569, an opportunity to inspect and review all education records with respect to: the identification, evaluation and educational placement of the child and the provision of a free appropriate public education to the child.

90. The educational "benefit" fell below minimal or trivial Matthew's Junior year. In fact, Matthew failed two of the subjects where two years prior, he excelled in these honors classes.

91. Also, Matthew regressed academically, socially, and emotionally.
"Educational performance" means more than a student's ability to meet academic criteria. It must also include reference to the child's development of communication skills, social skills, and personality, as the Code, itself, requires. See 34 C.F.R. § 300.533(a)(1).

92. There is a "window of opportunity" for children to acquire social skills. This window is open in early education and, after the "window" closes, it is much more difficult for students like Matthew with disability to learn these skills. Remediation of an older child or adolescent is a longer, more difficult process. It is clear that, Matthew has missed "the window of opportunity" since the School District failed to provide him with adequate help to acquire social skills needed to properly function in a school setting, his college setting and beyond.

93. Consequently, the educational plan proposed by the district was not reasonably calculated to provide educational benefit and did not provide a free appropriate public education to him.

94. Defendants failed to provide Matthew a free appropriate public education by failing to consider his individual requirements with respect to extended time, social skills, emotional distress, and anxiety. Due to the fact that Matthew was denied FAPE, District 303 failed to fully prepare him for college, future employment and independent living, meaning that his Parents will have the financial and emotional burden of continuing to support him. Therefore, all three Plaintiffs, Matthew Stanek and his Parents, Sandra and Bogdan Stanek suffered injury.

95. Matthew Stanek should have been identified by the District as emotionally disturbed during the school year 2011/2012. In particular, student fit into the emotional disturbance identification because, as the record will establish Matthew engaged in inappropriate types of behavior and feelings under normal circumstances and he developed physical symptoms of fears associated with school problems which markedly affected his educational performance. Moreover, the evidence will show that this student was in the nurse's office almost every week throughout the junior year with complaints of headache, stomach problems and anxiety attacks.

96. Violation of the IDEA procedural protections will justify an order requiring reimbursement of expenses made to retain an appropriate education. *Hall v. Vance City Board of Education*, 774 F. 2d 629, 633 (4th Cir. 1985). Similarly, the expenses incurred by parents who obtain an

appropriate educational opportunity for the child while the school district has proposed inappropriate placement should be reimbursed. See, *Drew v. Clarke County School District*, 877 F. 2d 927. (11th Cir. 1989) Reimbursement merely requires the Respondent to belatedly pay for appropriate education services. See *Jenkins v. Florida*, 815 F. 2d 629 (11th Cir. 1987).

97. The Plaintiffs have suffered an economic injury caused by the wrongful conduct of the defendants.

98. By their acts and omissions, which constituted gross misjudgment, the defendants deprived Matthew Stanek and his Parents, Sandra and Bogdan Stanek of numerous procedural and substantive rights secured by U.S.C. § 504, and its implementing regulations, 34 C.F.R. § Part 104, and 42 U.S.C. § 1983, which constitutes injury in fact.

## RELIEF- SECOND CAUSE OF ACTION

99. For violations of Section 504 of the Rehabilitation Act of 1973, the plaintiffs demand A JURY TRIAL and judgment against the defendants, as follows:

A. Compensatory Damages services to include a mentor/tutor for ten (10) hours per week for 44 weeks per year over the next two years for the loss of educational benefits.

B. Although compensatory education may compensate for loss of educational benefits, these remedies cannot compensate for the humiliation, emotional stress, loss of self esteem, and trust in adults and authority that the student has lost and suffered due to the School's misconduct. Therefore, Parents and the Student believe they are both entitled to compensation for the pain and humiliation that resulted from the District 303 teachers' and administration's retaliation, discrimination, harassment, infliction of emotional stress and denial of educational benefits to the student.

They are asking the Court to award $300,000 to the Student and each of the Parents for the punitive damages under the Section 504, Title II, and the Civil Rights Act, 42 U.S.C. Section 1983.

C. The costs of suit and expenses incurred in prosecuting this action pursuant to 42 U.S.C. § 1988.

D. Such other and further relief as the Court deems just and proper

## 3. THIRD CAUSE OF ACTION

## DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. 1983

100. The Plaintiffs re allege and incorporate Paragraphs 1 through 99 as though fully set forth herein.

14

101. The Due Process Clause of the Fourteen Amendment to the United States Constitution prohibits units of government and government officials from depriving persons of liberty or property without adequate notice and a meaningful opportunity to be heard.

102. The right to an education is a property right.

103. The Defendants, acting under color of state law as public school teachers, principals, and administrators in their individual and official capacity deprived the Plaintiff, Matthew Stanek, of his statutorily protected civil right to a FAPE as guaranteed by federal and state laws for the education of handicapped children and as protected by the Fourteenth Amendment to the United States Constitution and by the Constitution of the State of Illinois.

104. St. Charles Community District 303 and individual defendants in their individual and official capacity violated procedural and substantive due process rights as well as Equal protection rights under the Fourteen Amendment of U.S. Constitution. Their acts and high level of a brutal and inhumane abuse of official power intended to injure Plaintiffs unjustifiably by deliberate indifference causing psychological and emotional harm to Matthew Stanek and his Parents.

105. The acquisition of social skills is one of the important functions of public school educational institutions and the educational process in order to prepare individual to live independently and to function properly in society. Five to ten minutes consultation per week with social worker was not adequate for Matthew's social work services. Defendants failed to provide adequate services despite their knowledge of student's disability and his deficiencies to develop social interaction skills.

106. Defendants also deprived Matthew Stanek of due process by effectively denying him access to procedural safeguards available under the IDEA. Matthew Stanek was intentionally treated differently and unfairly from other students in the District that are similarly situated and there was no rational bases for the difference in treatment unless St. Charles School District 303 routinely deny special education services to students when they are clearly in need of these services.

107. Plaintiff, Matthew Stanek alleges denial of educational opportunities which has wrongfully interfered with his constitutionally protected rights As a result of these constitutional deprivations, the Plaintiff has suffered substantial educational and developmental loses, humiliation, pain and suffering and damage to his social and psychological development and interpersonal relations.

108. The continued refusal by St. Charles School District to follow Matthew's IEP was the deprivation of a property right, under color of state law that created economic and emotional injury to the Parents and emotional injury to Matthew Stanek

109. By their acts and omissions, the defendants deprived the plaintiffs of their procedural rights secured to them by the IDEA, Section 504 of the Rehabilitation Act, and their Constitutional right of Due Process.

15

110. By their acts and omissions, Defendants, St. Charles School District 303, Matthew's teachers, and administrators all violated Matthew's rights and his parents' rights to due process of law secured by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, which itself constitutes an injury in fact. Because of these violations, Matthew suffered denial of an equal educational opportunity, loss of educational opportunity, damage to his reputation, emotional distress, psychological harm, unfair and discriminatory action.

111. His parents Sandra and Bogdan Stanek, suffered financial damage caused by the expenditures of large sums of money for private tutoring and psychological evaluations and loss of job for Bogdan Stanek. The parents suffered emotional distress and psychological harm.


## RELIEF- THIRD CAUSE OF ACTION

112. For the violations of the Due Process Clause of the Fourteen Amendment to the United States Constitution, the plaintiffs demand A JURY TRIAL and judgment against all defendants, as follows: *S.S.*

A. Compensatory Damages for ~~tuition~~ *tutoring* to compensate for loss of educational benefits,
B. Punitive Damages: $300,000.00 for Matthew's suffering, and $300,000.00 for each Parent

C. Costs of suit and expenses incurred in prosecuting this action pursuant to 42 U.S.C. § 1988.

D. Such other and further relief as the Court deems just and proper.


## 4. FOURTH CAUSE OF ACTION

## REHABILITATION ACT OF 1973, 29 U.S.C. § 794.

113. The Plaintiffs re allege and incorporate Paragraph 1 through 112 as through fully set forth herein.

114. The Rehabilitation Act, 29 U.S.C. Section 794, prohibits discrimination against handicapped individuals in any program that receives federal funding. Thus, it applies to Defendants. Regulations have been enacted by Defendants to carry out the terms of the Rehabilitation Act with respect to education. Those regulations are set forth in 34 CFR Sections 104.31-104.41. The Rehabilitation Act also prohibits retaliatory acts against persons who have complained of discrimination.

115. St. Charles District 303 failed to provide Matthew with a "free appropriate public education," as required by the Individuals with Disabilities Education Act, and, in failing to

provide such education, denied him rights established by the Rehabilitation Act of 1973, 29 U.S.C. § 794.

116. Defendants acted in a bad faith and with deliberate indifference and thereby intentionally discriminated against Matthew Stanek solely on bases of his disability and by retaliating against him for the advocacy of his rights by himself and his Parents.

117. The evidence in this case will indicate that it was Matthew's disability that influenced discriminatory and retaliatory actions against the student and Parents in this case. That discrimination violated the Rehabilitation Act. It is a violation of the Rehabilitation Act to fail to consider the individual needs of children with disability in educational placement.

118. Defendants engaged in retaliatory actions when they denied two IEP meetings to the Parents, entered wrong grades, omitted to enter good grades, administered a wrong ACT test, provided false diagnoses to College Board which prevented him from receiving proper accommodations on his AP tests his junior and senior year, and refused to provide parents and student with his educational records.

## RELIEF- FOURTH CAUSE OF ACTION

119. For the violations of The Rehabilitation Act, 29 U.S.C. Section 794, the plaintiffs demand A JURY TRIAL and judgment against all defendants, as follows:

A. Compensatory Damages for ~~tuition~~ tutoring *S.S.* to compensate for loss of educational benefits,
B. Punitive Damages: $300,000.00 for Matthew's suffering, and $300,000.00 for each Parent

C. Costs of suit and expenses incurred in prosecuting this action pursuant to 42 U.S.C. § 1988.

D. Such other and further relief as the Court deems just and proper.

# 5. FIFTH CAUSE OF ACTION

# SECTION 504 OF THE REHABILITATION ACT OF 1973 AND TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF 1990

120. The Plaintiffs re allege and incorporate Paragraph 1 through 119 as through fully set forth herein.

121. Both the ADA and Section 504 prohibit retaliation against any individual because of his or her opposing practices made unlawful by the Acts or otherwise seeking to enforce rights under the Acts. See, e.g., 42 U.S.C. § 12203 and 28 C.F.R. 35.134 (ADA); 29 U.S.C. § 794(a) and 29 C.F.R. § 33.13 (Section 504).

122. Plaintiffs claim that Defendants retaliated against the Student, Matthew Stanek and his Parents after Parents told teachers and administrators that Matthew's IEP was not followed.

123. Plaintiffs establish that: (1) they engaged in activity protected under Section 504 and the ADA; (2) Defendants knew of this protected activity; (3) Defendants then took adverse action against Plaintiffs; and (4) there was a causal connection between the protected activity and the adverse action. See Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir. 2001).

124. Plaintiffs had no legitimate, non-discriminatory basis for denying parents IEP meeting, denying them their son's educational records, failing to respond to requests from the Parents for copies of the records, intentionally entering wrong grades and lowering his grades unjustifiably throughout the school year, omitting to enter good grades, giving him 0 points for 100% completed and correct work, administering a wrong ACT test to Matthew, providing wrong diagnosis to College Board, intentionally denying Mathew his accommodations according to his IEP, failing to respond to Matthew's questions regarding his graded work, failing to provide updates of progress and regression and denying him FAPE.

## RELIEF- FIFTH CAUSE OF ACTION

125. For the violations Section 504 of the Rehabilitation act of 1973 and Title II of the Americans with Disabilities Act of 1990 the plaintiffs demand A JURY TRIAL and judgment against all defendants, as follows:    J.S.

A. Compensatory Damages for ~~tuition~~ *tutoring* to compensate for loss of educational benefits,
B. Punitive Damages: $300,000.00 for Matthew's suffering, and $300,000.00 for each Parent

C. Costs of suit and expenses incurred in prosecuting this action pursuant to 42 U.S.C. § 1988.

D. Such other and further relief as the Court deems just and proper.

## 6. SIXTH CAUSE OF ACTION

## SECTION 504 OF THE REHABILITATION ACT OF 1973 AND TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF 1990

126. The Plaintiffs re allege and incorporate Paragraph 1 through 125 as through fully set forth herein.
126. Section 504 of the Rehabilitation Act of 1973 and title II of the Americans with Disabilities Act of 1990 forbid discrimination on the basis of disability in, respectively, federally funded activities and activities of state and local government. Both statutes, as well as their regulatory interpretations, bar disability harassment.

127. Section 504 provides that no otherwise qualified individual with a disability shall, "solely by reason of his or her disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

128. Saint Charles School District 303 receives federal financial assistance, so the law covers them. Matthew Stanek is a students with disability (Autism), has a record of such an impairment and is regarded to have such an impairment, therefore he receives the protection of the law.

129. Under the section 504, Matthew Stanek suffered from discrimination prohibited by the Act, conduct that denied Matthew Stanek the opportunity to benefit from services that are not equal to those provided to others, and that are not as effective as those provided to others.

130. Being subjected to discrimination at the hands of school personnel with the knowledge of school administration makes Matthew Stanek's public school experience decidedly unequal to the experience of others. Matthew's harassment and hostile environment created by his teachers excluded him from the educational environment provided to students without disabilities.

131. Matthew Stanek is a student with disability, and as such he was prone to harm and the school personnel knowingly placed Matthew in a hostile environment which violated his constitutional rights. By permitting the harassment to take place is a clear violation of rights of which the administrators should have been aware.

132. School official's actions of discrimination, retaliation, harassment and denial of FAPE interfered with the student's enjoyment of the right to attend school and profit from it.

133. Hostility from Matthew's teachers lead to the fear to attend school Also, it caused student's anxiety to escalate to alarming levels, causing him to miss significant instruction time, develop physical pains such as migraine headache and stomach pains, develop fear of failure, anxiety of taking tests, fear of teachers, loss of trust in adults, develop mental health issues, and develop thoughts of suicide which he expressed to his Psychology teacher, Bethany Herrera, his Social worker, Suzan Terronez, his Psychologist, Dr. Brian Post and his Parents.

134. The School District 303 failed to provide services to support to reduce Matthew's anxiety attacks, class avoidance, his emotional, social, and behavioral needs and serious threat of suicide. Instead, the school administration allowed harassment and retaliation to continue to the very end of school year with even higher intensity.

135. Parents had to seek psychological help outside of the school to help Matthew deal with such an emotional and behavioral issues which became unbearable towards the end of the school year. As a result of the retaliatory conduct and harassment, student failed two of his classes, math and Spanish and received minimal educational benefit in all other classes.

136. After Parents found out about Matthew's suicidal thoughts, Plaintiff, Bogdan Stanek had to quit his job (after twenty four years with the company), so he could be home with Matthew all the time when he was not at school. Parents were worried all the time that Matthew may commit

suicide when left alone. This leave of job caused the family to lose health insurance benefits and endure financial burden.

137. The Principle Zupec and the school administration are liable for the harms caused by their teachers' creation of a hostile environment, since they never took reasonable measures to prevent and correct the conduct, and this behavior can be characterized as group active negligence of the school district in entrusting the school employees with a position in which the harm could be done to their Student. Defendants misused their power and used the inequality of position to inflict emotional harm without regard for the plaintiff's interests. Defendants treated Matthew unequally and unfairly; it is thus disability discrimination.

## RELIEF- SIXTH CAUSE OF ACTION

138. For the violations Section 504 of the Rehabilitation act of 1973 and Title II of the Americans with Disabilities Act of 1990 the plaintiffs demand A JURY TRIAL and judgment against all defendants, as follows:

A. Compensatory Damages for ~~tuition~~ *tutoring* to compensate for loss of educational benefits,
B. Punitive Damages: $300,000.00 for Matthew's suffering, and $300,000.00 for each Parent

C. Costs of suit and expenses incurred in prosecuting this action pursuant to 42 U.S.C. § 1988.

D. Such other and further relief as the Court deems just and proper.


Dated: September 26th, 2013

Respectfully submitted,

By: *Sandra Stanek*
Sandra Stanek, Parent
By: *Bogdan Stanek*
Bogdan Stanek, Parent
By: *Matthew Stanek*
Matthew Stanek

Matthew Stanek
Sandra Stanek
Bogdan Stanek
4115 Prairie Crossing Drive
St. Charles, IL 60175
630-400-0071
630-400-6545
CastleRentals@comcast.net