UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW STANEK, by and through his Parents, SANDRA STANEK and BOGDAN STANEK, <br><br> Plaintiffs, <br> v. <br><br> SAINT CHARLES COMMUNITY UNIT SCHOOL DISTRICT #303, *et al.*, <br><br> Defendants. | Case No. 13-cv-3106 <br><br> Judge John W. Darrah |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff, Matthew Stanek, by and through his parents, Sandra Stanek and Bogdan Stanek, have brought this action against Saint Charles Community Unit School District # 303 and several school administrators, directors and teachers. Defendants have moved to dismiss Plaintiffs' Amended Complaint, pursuant to Federal Rules 12(b)(6) and 12(b)(7). For the reasons presented below, Defendants' Motion to Dismiss is granted.

### BACKGROUND

Plaintiffs, Matthew Stanek ("Matthew") and his parents, Sandra and Bogdan Stanek, proceeding *pro se*, initiated this action on April 1, 2013, in the Circuit Court of Kane County. Defendants thereafter removed it to federal district court. On August 27, 2013, this Court granted Defendants' Motion for a More Definite Statement. Plaintiffs then filed a six-count Amended Complaint for alleged violations of the Individuals with Disabilities in Education Act (the "IDEA"), 20 U.S.C. § 1400 *et seq.* (Count I); the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Counts II, IV, V, and VI); the Civil Rights Act of 1871, 42 U.S.C. § 1983 (Count III); and the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.*

(Counts V and VI). Each count was brought by Plaintiffs Sandra and Bogdan Stanek only on behalf of Matthew and is predicated upon Defendants' alleged failure to provide Matthew with an appropriate education, as well as Defendants' discrimination, retaliation, and harassment of Matthew. (*See* Am. Compl. ¶¶ 5-8.) The following summary is taken from the allegations in the Amended Complaint, which is assumed to be true only for purposes of deciding a motion to dismiss.

Matthew is a nineteen-year-old male with autism. He currently attends Loyola University of Chicago as a full-time student. Starting at a young age, he began receiving services to address delays in expressive and receptive language, communication, motor functioning, sensory integration and social skills. Matthew has qualified for special education services throughout high school, was given an Individual Education Plan ("IEP"), and has received various accommodations for his disability, including extended time on tests and homework and study guides. (Am. Compl. ¶¶ 6, 21-23.)

Under the IEP, Matthew achieved As and Bs in his classes, including honors classes. (*Id.* ¶ 26-29.) That changed, however, when Matthew entered his junior year, and his teachers began to pressure him to drop his honors and Advanced Placement ("AP") classes as too challenging for him. During his junior year, Matthew received low and failing grades in most of his classes. (*Id.* ¶¶ 30-33.) Matthew's parents scheduled a meeting on November 4, 2012, with Matthew's teachers and his case manager because the accommodations in Matthew's IEP were not being followed, including not giving Matthew extended time and study guides. (*Id.* ¶ 34.) Matthew's teachers expressed the view that the extended time was hurting Matthew, not helping him, with which his parents disagreed. (*Id.* ¶ 36.)

After Matthew refused to drop his honors classes and Matthew's parents started questioning the teachers about his IEP not being followed, Matthew's teachers started retaliating by entering wrong grades, omitting good grades, refusing to follow Matthew's IEP, refusing to respond to Matthew's questions about his work and refusing to show Matthew's graded work to him or his parents. (*Id.* ¶ 39.) Matthew did not receive credit for completed work that was turned in late. (*Id.* ¶ 41.)

In February 2012, Matthew was due for a mandated reevaluation, to which Matthew's parents had previously consented, but they withdrew their consent because they did not trust his teachers, who had retaliated, harassed, discriminated, and mentally abused Matthew. (*Id.* ¶ 46.) As a result of that revocation of consent, Matthew's annual IEP meeting was also cancelled. (*Id.* ¶¶ 47-48.) In March 2012, during a water polo game, Matthew suffered an eye injury that required his eye to be bandaged. His teachers, however, refused to permit Matthew to take his tests at a later date, even though his parents kept him home from school due to the pain. (*Id.* ¶ 51.)

On February 29, 2012, Defendant Saint Charles Community Unit School District # 303 ("District # 303") requested a due process hearing because Matthew's parents denied their consent for his reevaluation. On May 3, 2012, Matthew's parents also requested a hearing, and on May 29, 2012, they filed an amended complaint with the hearing officer. On November 30, 2012, in an order titled *In the matter of MS v. Community Unit School 303 School District*, Case No. 2012-339, the Impartial Hearing Officer ("IHO"), Ann Breen-Greco, issued a decision finding that Matthew's parents had failed to participate in the mandated pre-hearing procedures and holding that, as a matter of law, their complaint must be dismissed. (*See* Dkt. No. 15, Pls.' Reply, Exh. 2, Nov. 30, 2012 Breen-Greco Order.)

3

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint " for failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A complaint will only survive a Rule 12(b)(6) motion to dismiss if: (1) the complaint describes the claim in sufficient detail to give the defendant fair notice of the claim and the grounds upon which it rests; and (2) the factual allegations plausibly suggest that the plaintiff has a right to relief, raising the possibility above a "speculative level." *EEOC v. Concentra Health Servs,. Inc.*, 496 F. 3d 773, 776 (7th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Rule 12(b)(7) provides that an action can be dismissed for failure to join a necessary party under Rule 19. Rule 19 permits joinder of persons in whose "absence complete relief cannot be accorded among those already parties." Fed. R. Civ. P. 19(a)(1). As with Rule 12(b)(6) motions, the court assumes the truth of the complaint's factual allegations. *See, e.g., Davis Cos. v. Emerald Casinos, Inc.*, 268 F.3d 477, 479 n.2 (7th Cir. 2001).

Furthermore, for an action to be justiciable under Article III, a plaintiff must have standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, a plaintiff must show three elements: a violation of a concrete, particularized legally protected interest (an injury in fact); a causal relationship between the defendant's conduct and the injury to the plaintiff; and the likelihood that the injury can be redressed if a court finds in the plaintiff's

favor. *Id.* at 560-61. The threat of injury to the plaintiff "must be actual and imminent, not conjectural or hypothetical." *ACLU of Illinois v. Alvarez*, 679 F.3d 583, 590 (7th Cir. 2012) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). As with other motions at the pleading stage, the factual allegations of the complaint are accepted as true. *Perry v. Vill. of Arlington Heights*, 186 F.3d 826, 829 (7th Cir. 1999) (internal citations omitted).

The pleadings of *pro se* litigants are not held to the same stringent standard as pleadings drafted by formally trained lawyers; instead, they must be liberally construed. *See Kyle II v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999) (citing *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 378 (7th Cir. 1988)). Under this standard, a *pro se* complaint "may only be dismissed if it is beyond doubt that there is no set of facts under which the plaintiff could obtain relief." *Wilson*, 839 F.2d at 378. Despite the deferential standard for *pro se* litigants, the pleadings still must comply with the procedural rules governing them, and the complaint still must be "otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998); *see also Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

**ANALYSIS**

*Administrative Appeal Under the IDEA (Count I)*

In Count I, Plaintiffs seek review of the administrative decision of the hearing officer, Breen-Greco, pursuant to the IDEA, 20 U.S.C. § 1415 (g)(2), and the Illinois School Code, 105 ILCS 5/14-8.02 a(i). As a preliminary matter, Defendants argue that Sandra and Bogdan Stanek do not have standing to assert claims on behalf of Matthew because Matthew was eighteen when the suit was filed and is currently nineteen.[1]

---

[1] Defendants also argue that Plaintiffs' 32-page Response Brief should be stricken because it exceeds the fifteen-page limit imposed by the Northern District's Local Rules, and Plaintiffs did not seek court approval for the excessive brief pages prior to filing it. *See* N.D. Ill. L R. 7.1. Given Plaintiffs' *pro se* status, the Court declines to strike the brief.

5

The IDEA provides parents with individual enforceable rights. *See Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 526 (2007). However, under Illinois and federal law, those rights transfer to the student when the student becomes an adult. *See* 20 U.S.C. § 1415(m); 105 ILCS 5/14-6.10; 23 IL ADC § 226.690; *see also Loch v. Edwardsville Cmty. Sch. Dist. #7*, 327 Fed. App'x 647, 650 (7th Cir. 2009) (affirming dismissal of parents as plaintiffs because student was eighteen when suit was filed). The IDEA provides that "[a] State . . . may provide that, when a child with a disability reaches the age of majority under State law . . . all other rights accorded to parents under this subchapter transfer to the child." 20 U.S.C. § 1415(m). Likewise, the Illinois School Code provides that "[w]hen a student who is eligible for special education . . . reaches the majority age of 18 years, all rights accorded to the student's parents . . . transfer to the student . . . ." 105 ILCS 5/14-6.10; *see also* 23 Ill. Adm. Code § 226.690. Therefore, it is clear that the individual rights of Sandra and Bogdan Stanek transferred to Matthew when he turned eighteen.

Plaintiffs concede that their rights transferred to Matthew when he turned eighteen, but respond that Matthew delegated his rights to make educational decisions by a signed consent form.[2] They further argue, without citing any legal authority, that because Matthew delegated his educational decisions to them, this extends to his rights to bring this lawsuit. However, the consent form signed by Matthew and developed by the Illinois State Board of Education ("ISBE") clearly applies only to his educational decisions while he was a student at District #303. The form, which is entitled "Delegation of Rights to Make Educational Decisions," states

---

[2] This is the first time that Plaintiffs have referenced this consent form; no mention of the form appears in their Amended Complaint. Plaintiffs attached the form to their Response Brief as Exhibit 7. However, Plaintiffs failed to file their Response Brief or the corresponding exhibits and only provided copies directly to the Court. For this reason, the Court has docketed Plaintiffs' Response Brief and Exhibits for them.

that Matthew has delegated his right "to give consent and make decisions concerning my education to the individual identified below [Bodgan and Sandra Stanek]." It also discusses the development of the student's IEP and states the student has a right to raise issues or concerns with the school district. Furthermore, the purpose of the consent form has been mooted; Matthew is no longer a student at District #303. He has graduated from District #303 and is currently attending college at Loyola University as a full-time student. The delegation of Matthew's educational decisions to his parents when he was a student at District #303 clearly does not apply to this litigation.

Indeed, to extend this delegation of Matthew's rights to his parents in this lawsuit would be contrary to Rule 17 of the Federal Rules of Civil Procedure. Rule 17 provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). In this case, Matthew is the real party in interest and must prosecute his own lawsuit.

Since the right to bring a suit under the IDEA has transferred to Matthew, his parents, Sandra and Bogdan Stanek, lack standing for purposes of Count I, and this Count is dismissed as to Sandra and Bogdan Stanek. *See Loch*, 327 Fed. App'x at 650. Furthermore, this dismissal as to Sandra and Bogdan Stanek is with prejudice. Dismissal with prejudice for lack of standing is appropriate where "it is plainly unlikely that the plaintiff will be able to cure the standing problem." *Fieldturf, Inc. v. Southwest Rec. Indus.*, 357 F.3d 1266, 1269 (Fed. Cir. 2004) (internal quotations and citations omitted). Here, Sandra and Bogdan Stanek's claims are predicated exclusively on alleged injuries to their son's high school education by District #303, and it is plainly unlikely that they will not be able to cure their standing problem. This reasoning is also applicable to Plaintiffs Sandra and Bogdan Stanek as to the remaining claims, as discussed below.

7

Defendants also argue that Count I should be dismissed because Plaintiffs failed to name Breen-Greco or the ISBE. However, Defendants do not cite to any cases in support of their argument, and these two parties do not appear to be necessary defendants. Defendants also argue that District #303 is not the proper party and must be dismissed; this argument is supported by Illinois law. The Illinois School Code "designates the board of education as the governing body through which a school district operates." *Bd. of Educ. of Bremen High Sch. Dist. No. 228 v. Mitchell*, 899 N.E.2d 1160, 1163 (Ill. App. Ct. 2008) (citing 105 ILCS 5/10-2 ("All school districts . . . shall be governed by a board of education.")). Thus, under Illinois law, the board of education for a particular school district is the proper party to be sued, not the school district itself. *Id.*; *see also Klean v. Bd. of Educ. of Proviso Twp. Sch. Dist. 209*, No. 08 C 6233, 2010 WL 3732218, at *2 (N.D. Ill. Sept. 17, 2010) (dismissing claims against school district and noting that the board of education is the proper defendant). In this case, the proper defendant appears to be the Board of Education for District #303, who has not been named as a party. Because District #303 is not a proper party to be sued, it must be dismissed with prejudice.

Plaintiffs have also named the following ten individual Defendants, both in their individual and official capacities: Dr. Donald Schlomann, Superintendent of District #303; Dr. John Knewitz, Assistant Superintendent for Special Services; Beth Jones, Associate Director of Special Education; Korie Bowers, Special Education Case Manager; Kimberly Zupec (no title given); Kathy Zimmer, Spanish teacher; Shannon Von Essen, English teacher; Justin Dohm, Pre-Calculus teacher; Bethany Herrera, Psychology teacher; Cindy Sulak, History teacher (collectively, "the Individual Defendants"). These Defendants are not proper defendants in their individual capacities; they were not named at the administrative hearing, and they are not legally accountable under the IDEA.

Likewise, naming the Individual Defendants in their official capacities is redundant and unnecessary because their employer, District #303, is a named Defendant who has had an opportunity to respond to the suit. *See, e.g., Michael M. v. Bd. of Educ. of Evanston Tp. High Sch. No. 202*, No. 09 C 797, 2009 WL 2258982, at *2 (N.D. Ill. July 29, 2009) (dismissing claims against individual defendants in their official capacities as redundant when the municipal entity employer was also a named defendant); *Kerry M. v. Manhattan School District # 114*, No. 03 C 9349, 2004 WL 2538303, at *5 (N.D. Ill. Sept. 28, 2004) (same). Therefore, the Individual Defendants are also dismissed with prejudice.

Count I is dismissed without prejudice as to Matthew and with prejudice as to Sandra and Bogdan Stanek. Defendant District #303 and the Individual Defendants are also dismissed with prejudice.[3]

*Violations of the Rehabilitation Act (Counts II, IV, V, VI)*

In Counts II, IV, V, and VI, Plaintiffs assert claims for violations of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, which prohibits discrimination against a disabled person based on his disability by a recipient of federal financial assistance. Plaintiffs' claims are based on alleged failures with respect to Matthew's IEP and do not allege that Matthew's parents themselves suffered any discrimination under the Rehabilitation Act. Consequently, as discussed above, Sandra and Bogdan Stanek are dismissed as Plaintiffs with prejudice. Likewise, for the

---

[3] Defendants also contend that Count I should be dismissed because Plaintiffs have failed to submit the entire administrative record, although again fail to cite any cases to support their argument. 20 U.S.C. § 1415(i)(C) requires that the court "shall receive the records of the administrative proceedings," and 105 ILCS 5/140-8.02a(i) likewise provides that the court "shall receive the records of the impartial due process hearing." Plaintiffs have submitted, as exhibits, two opinions issued by Breen-Greco, an interim one and the final one. Generally, the entire administrative record must be submitted; however, here, it is not a reason to dismiss Count I on a Rule 12(b)(6) motion with prejudice, given Plaintiff Matthew Stanek's *pro se* status.

same reasons discussed above, District #303 and Individual Defendants, as named in their official capacities, are not the proper parties and are therefore dismissed with prejudice.

The Individual Defendants, as named in their individual capacities, are also dismissed with prejudice because the Rehabilitation Act does not provide for individual liability. *See, e.g., Dent v. City of Chi.*, 02 C 6604, 2003 WL 21801163 (N.D. Ill. Aug. 1, 2003) ("the law is well-settled that there is no individual liability under Title VII, the ADA, the Rehabilitation Act, and the ADEA") (citing *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279-82 (7th Cir. 1995)); *Vollmert v. Wisconsin Dep't of Transp.*, No. 97-C-547-C, 2000 WL 34235982, at *3 (W.D. Wis. Aug. 14, 2000) ("[I]ndividuals do not seem to fit within the Rehabilitation Act's provision for suits against 'any program or activity receiving federal financial assistance'"); *Cordova v. Univ. of Notre Dame Du Lac*, 3:11-CV-210 RM, 2011 WL 6257290, at *1 (N.D. Ind. Dec. 13, 2011) (dismissing ADA and Rehabilitation Act claims against individual). As such, Plaintiffs' claims under the Rehabilitation Act, as contained in Counts IV, V, and VI, are dismissed without prejudice as to Matthew and with prejudice as to Sandra and Bogdan Stanek. Defendant District #303 and the Individual Defendants are also dismissed with prejudice.

*Violations of 42 U.S.C. § 1983 (Count III)*

In Count III, Plaintiffs seek relief under 42 U.S.C. § 1983 for alleged violations of their rights under the IDEA, the Rehabilitation Act, and the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution. For the same reasons stated above, Defendant District #303 and the Individual Defendants in their official capacities must be dismissed with prejudice as improperly named parties. Likewise, Sandra and Bogdan Stanek must be dismissed with prejudice as Plaintiffs because their allegations in Count III do not assert any violations of their individual rights.

The Individual Defendants, as named in their individual capacities, must also be dismissed because they are entitled to qualified immunity. A government official is protected from individual liability under § 1983 "for actions taken while performing discretionary functions, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1022 (7th Cir. 2000) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Plaintiffs have not alleged any facts that would support that the Individual Defendants' conduct clearly violated their constitutional rights. With respect to the school administrators, Plaintiffs allege that they were negligent in their supervision. However, supervisor negligence is not a basis for individual liability under § 1983; rather, there must be allegations that the defendant caused or participated in the alleged constitutional injury. *See Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997); *see also Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000).

Plaintiffs also have not alleged facts to state a § 1983 claim under *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978). In *Monell*, the Supreme Court held that a municipality can be held liable under § 1983 where the municipality has adopted or otherwise promoted a policy or custom that violated the constitutional rights of the plaintiff. *Id.* at 690. Municipalities are not liable under the theory of *respondeat superior* for its employees. *Id.* at 692. Plaintiffs have not alleged that District #303 has an "express policy" or a "widespread practice" that caused constitutional injury. *Id.* Likewise, Plaintiffs have not alleged a constitutional injury caused by a person with final policymaking authority. *Id.* Under Illinois law, only a board of education has final policymaking authority, not the school district, and therefore, District #303 is not the proper party for any *Monell* claim. *See Duda v. Franklin Park Sch. Dist. 84*, 133 F.3d 1054, 1061 (7th Cir. 1998) (citing 105 ILCS 5/10-20.5).

Plaintiffs' attempts to base their § 1983 claim on alleged violations of the Rehabilitation Act or the IDEA also fail. Where a statute provides its own remedy, as both the Rehabilitation Act and the IDEA do, § 1983 may not be used as a method for relief. *See Rancho Palos Verdes v. Abram*, 544 U.S. 113, 124 (2005) (in context of different statute, noting that "limitations upon the remedy contained in the statute are deliberate and are not to be evaded through § 1983"); *see also Brown v. Dist. 299-Chi. Pub. Schs.*, 762 F. Supp. 2d 1076, 1080-81 (N.D. Ill. 2010) (holding that plaintiff could not use § 1983 to remedy violations under the IDEA); *A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791, 805 (3d Cir. 2007) (holding that the private, judicial remedy available for violations of Section 504 of the Rehabilitation Act precludes the use of § 1983 for the same violation).

Therefore, Count III is dismissed without prejudice as to Matthew and with prejudice as to Sandra and Bogdan Stanek. Defendant District #303 and the Individual Defendants in their official capacities are dismissed with prejudice; the Individual Defendants, as named in their individual capacities, are dismissed without prejudice.

*Violations of the ADA (Counts V & VI)*

In Counts V and VI, in addition to seeking relief under the Rehabilitation Act, Plaintiffs also seek relief for retaliation and discrimination under the ADA. As discussed above, Plaintiffs have not alleged any claims that are personal to Sandra and Bogdan Stanek, and therefore, they are dismissed with prejudice. Likewise, as discussed above, District #303 and the Individual Defendants, as named in their official capacities, are not proper parties and must be dismissed with prejudice.

Furthermore, the ADA does not permit suit against individuals, including public employees. *EEOC*, 55 F.3d at 1279-82; *see also Briggs v. North Shore Sanitary Dist.,* 914 F.

Supp. 245, 251-52 (N.D. Ill. 1996) (dismissing ADA claims against individuals).  Therefore, the Individual Defendants, as named in their individual capacities, are dismissed with prejudice.  For these reasons, Plaintiffs' ADA claims, as reflected in Counts V and VI, are dismissed without prejudice as to Matthew and with prejudice as to Sandra and Bogdan Stanek.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss [28] is granted.  Plaintiffs Sandra and Bogdan Stanek are dismissed with prejudice.  Defendants Saint Charles Community Unit School District # 303 is dismissed with prejudice as to all Counts.  Defendants, Dr. Donald Schlomann, Dr. John Knewitz, Beth Jones, Korie Bowers, Kimberly Zupec, Kathy Zimmer, Shannon Von Essen, Justin Dohm, Bethany Herrera, and Cindy Sulak, are dismissed with prejudice as to all Counts, except that they are dismissed without prejudice as named in their individual capacities as to Count III.  The Complaint is dismissed without prejudice.

Plaintiff Matthew Stanek is granted leave to amend his claims, if he can do so pursuant to Federal Rule of Civil Procedure 11, within thirty days of this Order.

Date:   March 27,  2014

JOHN W. DARRAH
United States District Court Judge