UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW STANEK, SANDRA STANEK, AND BOGDAN STANEK, <br><br> Plaintiffs, <br><br> v. <br><br> SAINT CHARLES COMMUNITY UNIT SCHOOL DISTRICT #303, et al., <br><br> Defendants. | Case No. 13-cv-3106 <br><br> Judge John W. Darrah |

# MEMORANDUM OPINION AND ORDER

Plaintiffs Matthew Stanek, Sandra Stanek, and Bogdan Stanek filed suit against Defendants Saint Charles Community Unit School District #303 and several school administrators, directors and teachers for alleged violations of the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*; the Rehabilitation Act of 1973, 29 U.S.C. § 794; the Civil Rights Act of 1871, 42 U.S.C. § 1983; and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. On November 1, 2013, Defendants filed a motion to dismiss Plaintiffs' First Amended Complaint. Defendants' Motion to Dismiss was granted on March 27, 2013. Plaintiffs appealed this dismissal and the Seventh Circuit remanded the case to the district court. Plaintiffs filed a Motion for Reassignment pursuant to Seventh Circuit Rule 36, or in the alternative, if denied, seek interlocutory review under 28 U.S.C. § 1292(b). Defendants oppose this motion. For the reasons provided below, Plaintiffs' Motion is denied.

## BACKGROUND

On April 1, 2013, Plaintiffs filed suit in the Circuit Court of Kane County. Defendants then removed the case to federal district court. Plaintiffs Sandra and Bogdan Stanek brought suit

on behalf of their son, Matthew, alleging that Defendants failed to provide necessary educational services to him. Plaintiffs also alleged that Defendants harassed, discriminated against, and retaliated against Matthew. (*See* Am. Compl. 5-8.)

Defendants filed a motion to dismiss Plaintiffs' amended complaint pursuant to Federal Rules 12(b)(6) and 12(b)(7). This Court dismissed the action against Plaintiffs Bogdan and Sandra Stanek because it determined that they lacked standing to sue and that, while Matthew Stanek did have standing, dismissed his case for failure to sue an appropriate party. (Dkt. #39.) Plaintiffs appealed the district court's decision. The Seventh Circuit affirmed the district court's dismissal of Matthew Stanek's claim of retaliation under the Rehabilitation Act and the ADA, all Plaintiffs' official-capacity claims against the individual defendants except for Superintendent Donald Schlomann, the individual-capacity claims arising under the Rehabilitation Act and the ADA. In all other respects, the decision was vacated, and the case was remanded back to the district court. (Dkt. #70.) On remand, Plaintiffs filed this motion for reassignment of this case to another judge pursuant to Seventh Circuit Rule 36, or in the alternative, if denied, seek interlocutory review under 28 U.S.C. § 1292(b).

## ANALYSIS

*Seventh Circuit Rule 36*

Seventh Circuit Rule 36 states:

Whenever a case tried in a district court is remanded by this court for a new trial, it shall be reassigned by the district court for trial before a judge other than the judge who heard the prior trial unless the remand order directs or all parties request that the same judge retry the case. In appeals which are not subject to this rule by its terms, this court may nevertheless direct in its opinion or order that this rule shall apply on remand."

7th Cir. R. 36. "The purpose of Rule 36 is to avoid on retrial after reversal, any bias or mindset the judge may have developed during the first trial." *Cange v. Stotler and Co.*, 913 F.2d 1204

(7th Cir. 1990).

Defendants correctly point out that only the Seventh Circuit may make reassignments under Circuit Rule 36 and that it is in the Seventh Circuit's discretion to apply the rule to cases that have not reached trial. It is not within the power of the district court to reassign a case on remand based on a rule intended for use by the Seventh Circuit. Plaintiffs contend that the Seventh Circuit intended Circuit Rule 36 to be the default rule when cases are reversed and remanded; however, "[t]he rule does not automatically apply where the judgment reversed has not resulted from a trial . . . " *Cange* at 1208.

Plaintiffs also argue that while there was no trial in this case, the Seventh Circuit has exercised its discretion to apply Circuit Rule 36 to reversals of other types of decisions, notably the reversal of a motion to dismiss in *Cange. Id.* (finding that courts can apply Rule 36 at their discretion to avoid bias that "seems likely to have developed from consideration and decision of motions to dismiss or motions for summary judgment and the like.") However, the Seventh Circuit ordered the reassignment after review of the motion to dismiss revealed that the district court treated it as a motion for summary judgment. *Cange v. Stotler and Co., Inc.,* 826 F.2d 581 (7th Cir. 1987) ("*Cange I*"). Similarly, in *AHP Subsidiary Holding Co. v. Stuart Hale* 1 F.3d 611 (7th Cir. 1993), the Seventh Circuit exercised its discretion to apply Circuit Rule 36 to a reversal of summary judgment because "the district court did not limit itself to a determination of whether there was a genuine issue of fact requiring trial, but rather proceeded to evaluate the evidence as if the proceeding were a trial on the merits."

While there are several cases where the Seventh Circuit did not strictly construe the words of Circuit Rule 36 to apply only to remands for new trials, none of these cases involved a motion to dismiss. *See Lindquist Ford v. Middleton Motors*, 658 F.3d 760, 766 (7th Cir. 2011)

(on appeal following a bench trial); *Bedree v. Bedree*, 396 Fed. App'x 312, 314 (7th Cir. 2010) (court was not required to reassign the case on remand because it had not "reached trial" and the judge's prior ruling did not show bias against the case). The analysis of the facts in the prior order in this case did not rise to the level of a motion for summary judgment, nor did it rise to the level of an evaluation required for a trial on the merits. Plaintiffs' case was dismissed mainly due to issues of standing, the analysis of which did not delve deeply into the merits of Plaintiffs' claims. The issues that will be decided moving forward are not the same issues that resulted in dismissal of Plaintiffs' case.

Plaintiffs also contend that this case should be reassigned because the prior order granted Defendants' Motion to Dismiss, and this constituted an adverse ruling against them. Plaintiffs argue that this adverse ruling creates the potential for prejudice or bias. A party requesting recusal must present compelling evidence of bias so that a reasonable person would be convinced that the judge is biased. *United States v. Modjewski*, 783 F.3d 645, 649 (7th Cir. 2015). Plaintiffs have failed to do so, contending that reassignment should be granted to "promote confidence in the integrity and impartiality of the judiciary and to avoid the appearance of impropriety," but offering no other evidence of bias. Further, "[a]dverse decisions do not establish bias or even hint at bias." *Khor Chin Lim v. Courtcall, Inc.*, 683 F.3d 378, 380 (7th Cir. 2012). Thus, Plaintiffs' Motion for Reassignment is denied.

*Interlocutory Review*

In the alternative, Plaintiffs request an interlocutory appeal under 28 U.S.C. § 1292(b). The district court may make a finding permitting an interlocutory appeal of an issue if the court finds that there is a substantial ground for difference of opinion on the issue and that an immediate appeal will materially advance the ultimate termination of the litigation. If the district

4

court makes such a finding, it is within the appellate court's discretion whether to hear the interlocutory appeal. *See* 28 U.S.C. § 1292(b). The four statutory criteria for the grant of Section 1292(b) motions are: (1) a question of law; (2) the question of law must be controlling; (3) the question of law is contestable; and (4) the resolution of the issue must accelerate the litigation. *See Ahrenholz v. Board of Trustees of the Univ. of Ill*, 219 F.3d 674, 675 (7th Cir.2000). The motion must also be filed in the district court within a reasonable time after the order sought to be appealed was issued. *See Ahrenholz*, 219 F.3d at 675. All of these criteria must be satisfied for the district court to certify its order for an immediate appeal pursuant to Section 1292(b). *See Ahrenholz,* 219 F.3d at 676. "Generally speaking, leave to appeal an interlocutory order will not be granted absent exceptional circumstances." *BA Leasing Parties v. UAL Corp.,* 2003 WL 22176068, at * 5 (N.D. Ill. Sept.15, 2003) (internal quotations omitted).

A "question of law" as used in the statute, refers "to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine . . . . " *Ahrenholz*, 219 F.3d at 767. In other words, the question of law refers to a "'pure' question of law rather than merely to an issue that might be free from a factual contest." *Ahrenholz*, 219 F.3d at 677. Thus, the appellate court could decide the issue "quickly and cleanly without having to study the record." *Ahrenholz*, 219 F.3d at 677. The question of whether Circuit Rule 36 applies to this case is not a question of law, but rather a question of procedure. Plaintiffs also do not offer any evidence that resolution of the issue would accelerate litigation or that exceptional circumstances exist such that an interlocutory order would be appropriate. Plaintiffs' request for interlocutory appeal is denied.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Reassignment and for Interlocutory Review [76] is denied.

Date:  August 26, 2015
JOHN W. DARRAH
United States District Court Judge