UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW STANEK, SANDRA STANEK, and BOGDAN STANEK, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 13-cv-3106 ) |
| SAINT CHARLES COMMUNITY UNIT SCHOOL DISTRICT #303, *et al.*, | ) Judge John W. Darrah ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Matthew Stanek, Sandra Stanek, and Bogdan Stanek, filed a Third Amended Complaint against Defendants, Saint Charles Community Unit School District #303 ("District"), the Illinois State Board of Education ("ISBE"), State Superintendent Tony Smith ("Superintendent Smith"), and several school administrators, directors and teachers, for alleged violations of the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*; the Rehabilitation Act of 1973, 29 U.S.C. § 794; the Civil Rights Act of 1871, 42 U.S.C. § 1983; the First Amendment; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*; and the Illinois School Student Records Act, 105 ILCS 10/1 *et seq.* Defendants Smith and ISBE (collectively, "ISBE Defendants") filed a Motion to Dismiss [113] all counts against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants Rory Pine and Julie Stetson filed a Motion to Vacate [136]. For the reasons set forth below, ISBE Defendants' Motion to Dismiss [113] is granted in part and denied in part; and Defendants' Motion to Vacate [136] is granted.

## BACKGROUND

Matthew Stanek is autistic. He attended Saint Charles High School from 2009 to 2013. While he was a high school student, he received special-education services. Since graduating from high school in 2013, Matthew has attended Loyola University on a full-time basis. On April 1, 2013, Plaintiffs filed suit in the Circuit Court of Kane County. Defendants then removed the case to federal district court. Plaintiffs Sandra and Bogdan Stanek brought suit on behalf of their son, Matthew, alleging that Defendants failed to provide necessary educational services to him. Plaintiffs also alleged that Defendants harassed, discriminated against, and retaliated against Matthew. Defendants filed a motion to dismiss Plaintiffs' amended complaint pursuant to Federal Rules 12(b)(6) and 12(b)(7). This Court dismissed the action by Plaintiffs Bogdan and Sandra Stanek because it determined that they lacked standing to sue and, while Matthew Stanek did have standing, dismissed his case for failure to sue an appropriate party. (Dkt. 39.) Plaintiffs appealed the district court's decision.

The Seventh Circuit affirmed the district court's dismissal of Matthew Stanek's claim of retaliation under the Rehabilitation Act and the ADA, all Plaintiffs' official-capacity claims against the individual defendants except for Superintendent Donald Schlomann, the individual-capacity claims arising under the Rehabilitation Act and the ADA. In all other respects, the decision was vacated, and the case was remanded back to the district court. (Dkt. 70.) On May 5, 2016, Plaintiffs filed a Third Amended Complaint ("TAC"), adding claims under the First Amendment and the Illinois School Student Records Act and adding new defendants: the ISBE Defendants; Rory Pine, a District special-education case manager; and Julie Stetson, a substitute teacher with the District. Plaintiffs also now bring a class action on behalf of all students with disabilities, present and future, in the District.

**ANALYSIS**

*Motion to Vacate*

As a preliminary matter, Defendants Julie Stetson and Rory Pine filed a Motion to Vacate Default Judgment [136] on December 16, 2016. Plaintiffs filed their Third Amended Complaint on May 5, 2016. On June 14, 2016, Plaintiffs filed Motions for Default Judgment against Defendants Julie Stetson and Rory Pine. On December 12, 2016, Plaintiffs' motions were granted. Defendants filed an appearance on the same date they filed their Motion to Vacate.

Under Federal Rule of Civil Procedure 55(c), a default judgment may be set aside for good cause or pursuant to the standard in Federal Rule of Civil Procedure 60(b). Under Federal Rule of Civil Procedure 60, a court may relieve a party from a final judgment or order based on, among other reasons, "mistake, inadvertence, surprise, or excusable neglect". Fed.R.Civ.P. 60(b)(1); *Musch v. Domtar Indus., Inc.,* 587 F.3d 857, 861 (7th Cir. 2009). These reasons include: if the judgment is void under Rule 60(b)(4) and any other reason that justifies relief under Rule 60(b)(6). "The movant seeking relief under Rule 60(b)(6) must show extraordinary circumstances justifying the reopening of a final judgment." *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

Defendants Stetson and Pine argue that the default judgment against them should be vacated pursuant to Rule 60(b)(1), 60(b)(4), and 60(b)(6). Defendants argue that they were not properly served and that the default judgment is void. Pursuant to Federal Rule of Civil Procedure 4(e), there are four ways to properly service an individual: (1) following state law service rules; (2) delivering a copy of the summons and complaint to an individual personally; (3) leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion who resides there; and (4) delivering a copy of

the summons and complaint with an agent authorized by appointment or law to receive service of process. *Harris v. Skytech Enterprises, Ltd.,* 2008 WL 4922537 at *1 (N.D. Ill. Nov. 13, 2008); Fed. R. Civ. P. 4(e). Under Illinois state law, service may be effectuated either through personal service or by leaving the summons and complaint with someone thirteen years of age or older at the place of defendant's abode. 735 ILCS 5/2-203.

Plaintiffs attempted to serve Stetson and Pine through certified mail at their place of employment. Stetson and Pine were not served personally, a copy of the summons and complaint was not left at their places of residence, and they did not authorize anyone at their workplace to accept the complaint or summons on their behalf. Plaintiffs allege that the summons and complaint were signed for by a secretary and an "individual responsible for mail delivery within the District and as such authorized by the District to accept the documents." (Dkt. 143.) Neither individual was authorized by Stetson or Pine to accept service on their behalf. Plaintiffs further argue that they are entitled to a *prima facie* presumption of valid service. However, "[t]he *O'Brien* presumption addresses evidentiary approaches for proving the fact of service in federal court; it does not address antecedent questions of whether the chosen method of service conformed to the law." *Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005). Plaintiffs do not provide any authority that supports their argument that service by certified mail to an individual's place of employment is proper service under Rule 4 or Illinois law.[1]

---

[1] Plaintiffs cite to *Ott v. City of Milwaukee,* 682 F.3d 552, 557 (7th Cir. 2012), to support their contention that personal service of court documents is not necessary for proper service. However, in *Ott*, the Seventh Circuit held that a subpoena may be certified by certified mail, not a complaint.

Finally, Plaintiffs argue that Stetson and Pine were on notice of the lawsuit, either through their employers or attorneys, and do not have good cause for failing to respond. However, "actual knowledge of the existence of a lawsuit is insufficient to confer personal jurisdiction over a defendant in the absence of valid service of process." *Mid-Continent Wood Prod., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991). As service on Stetson and Pine was not effectuated by any of the ways authorized by Rule 4(e) or Illinois state law, Defendants' Motion to Vacate Default Judgment [136] is granted.

*Motion to Dismiss*

Rule 12(b)(6) permits a defendant to move to dismiss a complaint "for failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A complaint will only survive a Rule 12(b)(6) motion to dismiss if: (1) the complaint describes the claim in sufficient detail to give the defendant fair notice of the claim and the grounds upon which it rests; and (2) the factual allegations plausibly suggest that the plaintiff has a right to relief, raising the possibility above a "speculative level." *EEOC v. Concentra Health Servs., Inc.*, 496 F. 3d 773, 776 (7th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

A Rule 12(b)(1) motion challenges federal jurisdiction. *Scanlan v. Eisenberg*, 669 F.3d 838, 841-42 (7th Cir. 2012). When ruling on a 12(b)(1) motion, courts may look outside the complaint's allegations and consider whatever evidence has been submitted on the issue of jurisdiction. *Ezekiel v. Michel,* 66 F.3d 894, 897 (7th Cir. 1995). The plaintiff bears the burden of establishing the elements necessary for jurisdiction, including standing. *Lujan v.*

*Defenders of Wildlife,* 504 U.S. 555, 561 (1992). "The question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or particular issues." *Apex Digital, Inc. v. Sears, Roebuck & Co.,* 572 F.3d 440, 444 (7th Cir. 2009) (quoting *Warth v. Seldin,* 422 U.S. 490, 498 (1975)).

The pleadings of *pro se* litigants are not held to the same stringent standard as pleadings drafted by formally trained lawyers; instead, they must be liberally construed. *See Kyle II v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999) (citing *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 378 (7th Cir. 1988)). Under this standard, a *pro se* complaint "may only be dismissed if it is beyond doubt that there is no set of facts under which the plaintiff could obtain relief." *Wilson*, 839 F.2d at 378. Despite the deferential standard for *pro se* litigants, the pleadings still must comply with the procedural rules governing them, and the complaint still must be "otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998); *see also Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

ISBE Defendants argue that all claims against them fail because: (1) they are barred by the applicable statute of limitations; (2) the Eleventh Amendment bars Count IV (Illinois State Records Act claim) against ISBE Defendants; and (3) the ISBE is not a "person" subject to suit (Counts V and VI) (federal constitutional claims).

## Statute of Limitations

Plaintiffs bring two claims under the IDEA. Count I alleges that the ISBE Defendants, as well as other Defendants, have systematically denied Matthew and other special-education students a free and appropriate public education. ISBE Defendants argue that Count I should be dismissed because they were added to the TAC after the statute of limitations had expired. The applicable statute of limitations for IDEA claims, other than an administrative review of a

6

hearing officer's decision, is the two-year statute of limitations for personal-injury claims in Illinois. *Jenna R.P. v. City of Chicago Sch. Dist. No. 229*, 3 N.E.3d 927, 943-944 (Ill. App. Ct. 2013). The TAC was filed on May 5, 2016, or almost three years after Matthew graduated high school. As a preliminary matter, ISBE Defendants argue that Count I should be dismissed against Superintendent Smith because he is a redundant party. If a plaintiff properly "names the government entity as a defendant in the suit, the claim against the individual in [his] official capacity is redundant." *Levin v. Madigan,* 687 F. Supp. 2d 958, 973-974 (N.D. Ill. 2010). Plaintiffs agree; therefore, Count I is dismissed against Superintendent Smith. To the extent that Plaintiffs allege a claim against Superintendent Smith in Count III, it is also dismissed. Plaintiffs note that Counts II and VII do not assert allegations against Superintendent Smith.

Pursuant to Federal Rule of Civil Procedure 15(c)(1)(C), a plaintiff may add a defendant if the proposed defendant "received such notice of the action that it will not be prejudiced in defending on the merits; and . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). Plaintiffs argue that the ISBE knew or should have known that an action should have been brought against them because in 2012, they filed complaints with the ISBE regarding the other Defendants and because they filed a document with the ISBE during administrative proceedings in which they reserved their right to file an IDEA lawsuit against the District, the District's employees, and the ISBE. Plaintiffs further argue that the ISBE must have known that Plaintiffs were trying to sue them because Plaintiffs made public statements and media outlets reported on their case. As Defendants point out, this case has been a "long-running dispute," and it is plausible that Defendants would be aware that this lawsuit was ongoing based on the complaints filed with the ISBE and Plaintiffs' reservation of rights. The question is whether

7

Plaintiffs' failure to name the ISBE as a Defendant in this case is a "mistake concerning the proper party's identity." Plaintiffs note that since the commencement of this suit, they have had to respond to motions to dismiss, appeal to the Seventh Circuit, and now respond to more motions on remand. They argue that their failure to include the ISBE as a Defendant was a "legal blunder" attributable to their *pro se* status. It is plausible that Plaintiffs mistakenly failed to name ISBE Defendants due to the protracted nature of this litigation. Thus, Plaintiffs' TAC relates back, and ISBE Defendants may be added as defendants to this suit pursuant to Rule 15(c).

As Plaintiffs' TAC relates back to the date of their original pleading, ISBE Defendants' motion to dismiss Counts I, II, III, and VII as time-barred is denied.

### Section 1983 Claims

It is undisputed that section 1983 claims cannot be brought against the ISBE. However, Plaintiffs contend that section 1983 claims can be brought against Superintendent Smith in his individual capacity. "Individual liability under section 1983 can only be based on a finding that the defendant caused the deprivation at issue." *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Superintendent Smith was not appointed to his position until April of 2015. (Dkt. 119 Exh. A.) Thus, Plaintiffs cannot allege that Superintendent Smith was personally involved with any alleged deprivation of Plaintiffs' constitutional rights. ISBE Defendants also argue that section 1983 claims cannot be brought against Superintendent Smith in his official capacity. As noted by Defendants, Superintendent Smith is not mentioned in either Count V or Count VI. There are no factual allegations to support any section 1983 claims against Superintendent Smith in his official capacity. Defendants' Motion to Dismiss Counts V and VI is granted as to Superintendent Smith.

Illinois Student Records Act

ISBE Defendants also argue that Plaintiffs cannot bring a claim against them under the Illinois School Student Records Act because the Eleventh Amendment bars plaintiffs from bringing state-law claims against a non-consenting state agency in federal court. *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 122 (1984). Plaintiffs do not provide any response to Defendants' argument. To the extent that Plaintiffs are alleging a claim against the ISBE in Count IV of the TAC, Defendants' Motion to Dismiss is granted. To the extent that Plaintiffs are alleging a claim against Superintendent Smith, in his official capacity, in Count IV, Defendants' Motion to Dismiss is granted.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Vacate [136] is granted. Defendants' Motion to Dismiss [113] is granted in part and denied in part. As to Defendant Superintendent Smith, Counts I, III and IV are dismissed with prejudice, and Counts V and VI are dismissed without prejudice. Count IV is dismissed with prejudice as to Defendant ISBE.

Date: February 28, 2017

/s/ John W. Darrah
JOHN W. DARRAH
United States District Court Judge