**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MATTHEW STANEK, SANDRA STANEK, and BOGDAN STANEK<br>    Plaintiffs,<br><br>v.<br>SAINT CHARLES COMMUNITY UNIT SCHOOL DIST NO. 303, *et al.,*<br>    Defendants. | Case No. 13-CV-3106<br><br>Judge  Jorge L. Alonso |

## ORDER

For the following reasons, Defendants Koch and the Illinois State Board of Education's Motion to Dismiss [214] is granted in part and denied in part, and the School District Defendants' Motion to Dismiss [217] is granted in part and denied in part.  The claims against Defendant Christopher Koch are dismissed with prejudice.  Plaintiffs' Amended Fourth Amended Complaint [207] is dismissed in part and stricken for failure to comply with Federal Rule of Civil Procedure 8 and this Court's December 1, 2017 Order.  Despite its prior warning to Plaintiffs, the Court declines to dismiss the case with prejudice, however, and exercises its discretion to grant Plaintiffs one final leave until December 20, 2018, to file an amended complaint that is both in strict compliance with this Order and strictly limited to 30 pages.  If Plaintiffs do not comply and amend their complaint accordingly, the case will be summarily dismissed with prejudice.  Status hearing previously set for 1/8/19 is stricken and reset 1/24/19 at 9:30 a.m.

## STATEMENT

Although this case is still at the pleadings stage, it already has been the subject of several written opinions of the District Court and the Seventh Circuit Court of Appeals.  Familiarity with the facts is therefore assumed.  The procedural history was set out in this Court's December 1, 2017 opinion and is incorporated herein.  [*See* dkt 183.]  That opinion struck Plaintiffs' Third Amended Complaint, which was a massive 203 pages long, containing claims against more than a dozen defendants on behalf of the three named plaintiffs as well as a purported class.  [*See id.*]  In striking the Third Amended Complaint, the Court explained that its length, repetitiveness, needless complexity and irrelevant allegations had made Plaintiffs' claims unintelligible even under the liberal pleading standards afforded to *pro se* litigants.  [*See id.* at 18-20 ("Together, all of these allegations so weigh down the complaint that it fails to provide defendants with the requisite notice of Plaintiffs' claims.").]  In granting Plaintiffs "one last chance" to file an amended complaint that complied with the Federal Rules, the Court specifically warned Plaintiffs that it was not necessary to recite entire conversations or email exchanges they had with Defendants, but only to allege enough to plausibly state their claims.  Plaintiffs were instructed that any complaint "must state in *short and plain* terms the claims Plaintiffs make," and that Plaintiffs should take care to identify

which claims were asserted by which plaintiffs against which defendants. [*See id.* at 19 (emphasis in original).] Plaintiffs were warned that although they were being given the opportunity to amend, it was "for the purpose of allowing them to attempt to state cognizable claims against proper defendants," and not to attempt to resurrect any claims that had already failed or to add new claims. [*Id.* at 20.] Plaintiffs were given a deadline by which to amend their complaint, which was subsequently extended twice by their request.

Minutes before the extended filing deadline, Plaintiffs filed their Fourth Amended Complaint which omitted a signature and proof of service. [Dkt 206.] About an hour later, Plaintiffs corrected the oversight, filing an "Amended Fourth Amended Complaint." [Dkt 207.] Former Illinois State Superintendent of Schools Christopher Koch and the Illinois State Board of Education (collectively, "the State Defendants") now move to dismiss the latest iteration of the complaint as outside the limitations period and extended deadline, failing to state claims, and violating Federal Rule of Civil Procedure 8. [Dkt 214.] The other nine defendants (collectively, "the School District Defendants") also move to dismiss the complaint for violating Rule 8 and this Court's December 2017 order and including previously dismissed claims, and because the timely complaint failed to include a signature and the amended one was filed without leave. [Dkt 217.]

While Defendants correctly point out Plaintiffs' procedural missteps in filing their fourth amended complaint, the Court declines to dismiss on this basis. Plaintiffs promptly corrected their filing with an amended version they say made no substantive changes, and although they should have sought leave for their filing, it nevertheless will be accepted as the operative complaint. For the sake of clarity in this discussion, the Court disregards the first-filed version of the Fourth Amended Complaint and turns to a substantive discussion of the amended one which the Court hereafter refers to as Plaintiffs' Fourth Amended Complaint. [*See* dkt 207.]

Plaintiffs' Fourth Amended Complaint realleges Plaintiffs' previously dismissed Equal Protection and Due Process claims despite the Court's specific instructions not to attempt to revive such claims. Those claims were long since dismissed [dkt 39] and the Seventh Circuit Court of Appeals affirmed their dismissal. *See Stanek v. St. Charles Community Unit Sch. Dist. No. 303*, 683 F.3d 634, 645 (7th Cir. 2015). According to Plaintiffs, they included their previously dismissed claims in order to preserve appellate rights, despite acknowledging their understanding that the Seventh Circuit does not require such an action. [*See* dkt 224 at 21.] At the same time, however, Plaintiffs also argue that their assertion of those claims did not violate this Court's order since they are based on a "different property right than the one in the First A.C." [*Id.* at 26.] Whether Plaintiffs intended to assert previously dismissed claims or claims based on facts they say transpired after the filing of previous versions of their complaint and/or based on a different legal theory, their inclusion of such claims violates this Court's order not to add new claims or replead ones that had already been dismissed. Plaintiffs' arguments notwithstanding, this case has stalled for too long at the pleadings to reopen those issues or expand on them now. Count V is dismissed with prejudice.

The claims against former Superintendent Christopher Koch are also dismissed with prejudice. To the extent Plaintiffs purport to bring Section 1983 official capacity claims against Koch, such claims would effectively be claims against the state, and Section 1983 does not provide such a remedy. *See Will v. Mich. Dep't of Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*,

473 U.S. 159, 165-166 (1985). To the extent Plaintiffs attempt to bring individual claims against Koch for the first time in their Fourth Amended Complaint, they violate this Court's December 2017 order barring the introduction of new claims. To the extent Plaintiffs purport to substitute Koch as a "different and proper Superintendent" in place of the previously named current Superintendent Tony Smith [*see* dkt 225 at 11], they fail. Plaintiffs have been aware of Koch and Smith's roles for at least two years [*see* dkt 119], and they make no argument to explain a belated attempt to substitute him at this late stage. Finally, despite the immense size of their complaint, Plaintiffs only mention Koch in three paragraphs of their complaint each of which are too conclusory to plausibly support a claim. [*See* dkt 207 at ¶¶ 10, 180, 590.] Accordingly, Plaintiffs' claims against Koch are dismissed with prejudice.

The Court denies the remainder of the State Defendants' motion to dismiss. First, the motion to dismiss the Section 1983 claims against ISBE is denied because Plaintiffs did not plead such claims against it. Next, the Court declines the State Defendants' invitation to revisit the relation back decision previously made in this case, and therefore denies their motion to dismiss on limitations grounds. Finally, given the clutter of Plaintiffs' complaint as discussed below, the Court denies without prejudice the motion as to Plaintiffs' ADA or Rehabilitation Act claims.

Turning to the School District Defendants' Motion to Dismiss and the State Defendants' similar request, the Court declines to dismiss the case with prejudice but nevertheless strikes the Fourth Amended Complaint. Despite the Court's clear instructions, and Plaintiffs' demonstrated familiarity with federal court litigation, Plaintiffs' latest complaint fails to comply with this Court's order and the Federal Rules of Civil Procedure. Although Plaintiffs decreased their complaint from 204 to 163 pages, removed their express class claims, and refined certain of their allegations, their complaint remains riddled with many of the same problems this Court previously identified including repetitiveness, needless complexity, and excessive immaterial allegations. In striking the Third Amended Complaint, this Court instructed in no uncertain terms that allegations about students other than Matthew and detailed recitations of Plaintiffs' interactions with Defendants "so weigh[ed] down the complaint that it fails to provide defendants with the requisite notice of Plaintiffs' claims," [dkt 183 at 19] and yet Plaintiffs persisted in including the same in their latest complaint.

Moreover, contrary to this Court's order striking the Third Amended Complaint, Plaintiffs have both reasserted previously dismissed claims and attempted to bring new claims as discussed above. Plaintiffs argue that they tried to comply with the Court's order while also sufficiently supporting their multiple claims against multiple defendants, but their arguments do not comport with their Fourth Amended Complaint. The complaint is not lengthy and convoluted simply because Plaintiffs bring multiple claims against several defendants. Plaintiffs continue to include an array of irrelevant allegations about students other than Matthew [*see, e.g.*, dkt 207 at ¶¶ 85, 161, 163, 177, 190, 196, 198, 199, 209, 212, 214], and exhaustive recitations of conversations, email communications, or other interactions with Defendants. [*See, e.g., id.* ¶¶ 372, 374, 377, 383, 388, 394, 396, 398, 400, 402, 452, 466, 468, 470, 472, 473, 478, 481, 482, 495, 497, 498, 501, 503.] They also improperly fill their complaint with arguments about what the evidence will show [*see, e.g., id.* ¶¶ 157, 161, 205, 209], allegations regarding previously dismissed class claims [*see, e.g., id.* ¶¶ 85, 112, 161, 163, 177, 190, 192, 193, 197-201, 206, 209, 212, 214], recitations of certain sources of law, and arguments about their import on the facts. [*See, e.g., id.* ¶¶ 88-92, 96,

115, 119, 121, 123-125, 164, 190, 195, 239, 231-132, 143, 146-150, 153 195, 410, 424, 429-434, 460.] Such needless complexity confounds the complaint, shields relevant allegations in a morass of irrelevancies, and overly burdens all concerned. *See Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013). In the end, the complaint remains so full of immaterial allegations that it fails to put Defendants on notice of the claims against them.

Although Plaintiffs labeled which counts were brought by which plaintiffs against which defendants, there appears to be no consistency in limiting the allegations within each count to certain claims or parties, and to the extent Plaintiffs have colorable claims to assert against specific defendants, they have become lost in the thicket of Plaintiffs' arguments, conclusions and excessive presentations. For example, it is enough that Plaintiffs complain that Bethany Herrera treated Matthew unfairly and refused to provide certain accommodations called for in his IEP. [*See* dkt 207 ¶¶ 218, 223.] Pages and pages exemplifying the same allegations and arguing about their import needlessly complicate Plaintiffs' complaint and conceal the claims Plaintiffs try to assert. [*See id.* ¶¶ 219-37; 269-75.] This point is further reiterated in Plaintiffs' oppositions to the pending motions, which declare that they assert additional claims beyond those identified in their most recent complaint.

As this Court previously instructed, a complaint in federal court does not need detailed factual allegations. Rather, it need only contain a short and plain statement of the claims, so as to give the defendant fair notice of what they are and the grounds upon which they rest. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2012). Although Plaintiffs are *pro se*, and are afforded some latitude in their submissions, the Court will not countenance Plaintiffs' disregard of this Court's instruction or deny Defendants the notice to which they are entitled.

The Court is sympathetic to the fact that Plaintiffs proceed without counsel, however, and because it appears that they made some effort to comply with this Court's order, the Court declines to dismiss this case with prejudice as a result. Instead, the Court strikes the complaint and provides Plaintiffs *a final opportunity* to state their claims. If Plaintiffs wish to proceed with their case, they must file an amended complaint by December 20, 2018, that states their claims plainly, without argument, conclusions, or excessive narratives, and within *a strict 30-page limit*. If Plaintiffs do not comply and amend their complaint accordingly, the case will be summarily dismissed with prejudice. Plaintiffs are reminded of the free legal assistance available through the William J. Hibbler *Pro Se* Assistance Program, located at 219 South Dearborn, 20th floor, or by calling (312) 435-5691.

## CONCLUSION

Defendants Koch and the Illinois State Board of Education's Motion to Dismiss [214] is granted in part and denied in part, and the School District Defendants' Motion to Dismiss [217] is granted in part and denied in part. The claims against Defendant Christopher Koch are dismissed with prejudice. Plaintiffs' Amended Fourth Amended Complaint is dismissed in part and stricken for failure to comply with Federal Rule of Civil Procedure 8 and this Court's December 1, 2017 Order. Despite its prior warning to Plaintiffs, the Court declines to dismiss the case with prejudice, however, and exercises its discretion to grant Plaintiffs one final leave until December 20, 2018,

to file an amended complaint that is both in strict compliance with this Order and strictly limited to 30 pages.  If Plaintiffs do not comply and amend their complaint accordingly, the case will be summarily dismissed with prejudice.  Status hearing previously set for 1/8/19 is stricken and reset 1/24/19 at 9:30 a.m.


Date:  11/29/2018

_____
Jorge L. Alonso
United States District Judge