# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MATTHEW STANEK *et al.* ) | |
| ) | |
| Plaintiffs, ) | No. 13 C 3106 |
| ) | |
| v. ) | District Judge Jorge Alonso |
| ) | |
| ST. CHARLES COMM. UNIT ) | Magistrate Judge Jeffrey Cummings |
| SCHOOL DISTRICT # 303 *et al.* ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Matthew Stanek's brings a motion for protective order to preclude defendants Illinois State Board of Education ("ISBE") and the St. Charles Community Unit School District #303 Board of Education ("BOE") from taking his oral deposition with use of a videographer and to instead require defendants to depose him by written questions pursuant to Federal Rule of Civil Procedure 31. Plaintiff (hereinafter, "Matthew") also seeks to bar defendant teachers from attending his deposition. The Court rules on this motion under District Judge Jorge Alonso's referral for a decision pursuant to N.D. Ill. Rule 72.1. (Dckt. #276). For the reasons stated below, the Court denies plaintiff's requests to have his deposition taken by written questions instead of through oral examination and to bar defendant teachers from attending his deposition. The Court further finds, however, that plaintiff's deposition should be conducted under conditions that will mitigate any potential negative impact that the deposition may impose upon him. Accordingly, plaintiff's motion [Dckt. #332] is granted in part and denied in part.

I.   **BACKGROUND**

Plaintiff Matthew Stanek and his parents Sandra and Bogdan Stanek have brought this action against the BOE, the ISBE, and ten individual defendants. Plaintiffs assert claims

pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400 *et seq.*, the Rehabilitation Act, 29 U.S.C. §701 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12201 *et seq.*, and the First Amendment. Plaintiffs allege that defendants deprived Matthew of a "free and appropriate education" ("FAPE") as guaranteed by the IDEA, retaliated against Matthew and his parents for advocating his statutory rights, and violated the First Amendment by inhibiting the parents' right to free speech. Plaintiffs also appeal the administrative decision of a Due Process Hearing Officer.

Matthew has been diagnosed with autism, a major depressive disorder, a mood disorder, and attention deficit/hyperactivity disorder. (Dckt. #235 at Ex. B). Matthew explains that these disorders have left him with a "deficit in auditory processing of information," "deficits in interpersonal communication, difficulty with retaining information and following direction, and deficits in social-information processing." (Dckt. #332 at 2, 4). As a result, according to Matthew, he is "unable to understand or recognize slang terms, social cues such as rolling of the eyes, raised eyebrows and other non-verbal signs, innuendo, colloquialisms, or figures of speech." (Dckt. #332 at 4). Matthew received services mandated by the IDEA as a high school student and he graduated with the help of these modifications to his educational program. Matthew then applied and was admitted to Loyola University. While at Loyola, he received additional accommodations, including extended time for tests, a note taker, audio or electronic textbooks, and advance copies of assignments and lecture notes. (Dckt. #332 at Ex. G2). With the aid of these accommodations and by dint of his hard work, Matthew completed his coursework and graduated from college. (Dckt. #349-1 at 7).

On January 6, 2020, Matthew attended the deposition of his father. Matthew claims that the concentration required to follow defense counsel's questions for seven hours caused him to

experience stress, a migraine headache, and "prevented [him] from meaningfully participating in the deposition." (Dckt. #332 at 3). Matthew further claims that his stress was exacerbated by the fact that one of his high school teachers - - whom he does not name but who is a defendant in this case - - also attended the deposition. According to Matthew, this unnamed defendant's presence combined with defense counsels' alleged use of "interrogation techniques that utilize trickery, deceit, and leading questions" could threaten his mental health and cause him to misstate facts during his own deposition. (*Id.* at 8).

Matthew objected to his videotaped deposition, which was initially scheduled for December 18, 2019 and rescheduled for January 7, 2020. He asserts that defendants have a duty under Title III of the ADA to reasonably accommodate his disabilities by taking his deposition by written questions rather than through an oral examination.[1] Matthew further asserts that he has good cause to obtain a protective order under Federal Rule of Civil Procedure 26(c)(1) because a videotaped oral deposition would cause him to suffer psychological harm and humiliation. (Dckt. #332 at 7). Finally, Matthew seeks to bar defendant teachers from attending his deposition because their presence would have "an intimidating effect on his testimony and negatively impact[] his health." (Dckt. #332 at 14-15).[2] Defendants disagree with each of Matthew's arguments.

---

[1] Matthew raised some of these issues in a prior motion asking the District Court to appoint counsel for him. He argued that he required accommodations from the Court under the ADA and the Rehabilitation Act that included an order that Matthew be deposed by written questions. (Dckt. #328 at 3). The District Court explained that the ADA and the Rehabilitation Act do not apply to federal courts and directed Matthew to bring a motion for protective order if he wished to be deposed by written questions. (Dckt. #331).

[2] In his motion, Matthew also seeks to have his deposition take place after the individual defendants are deposed notwithstanding the fact that the Court previously ordered that his deposition take place *before* the individual defendants' depositions are taken. 3/16/20 Transcript (Dckt. #337) at 15. The Court stands by its prior ruling on this issue.

3

## II. LEGAL ANALYSIS

### A. The ADA does not apply to the parties' discovery dispute regarding how Matthew's deposition should be conducted

Matthew asserts that Title III of the ADA requires that defendants accommodate his disabilities by taking his deposition by written questions instead of by a videotaped oral examination. "Title III of the ADA prohibits discrimination on the basis of disability 'in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases . . . , or operates a place of public accommodations.'" *Novak v. Litchfield Cavo, LLP,* No. 14-CV-3649, 2014 WL 7330925, at *3 (N.D.Ill. Dec. 22, 2014), *quoting* 42 U.S.C. §12182(a). Matthew is correct that defense counsel's law office – the proposed deposition site – is within the coverage of the ADA because the office is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(F). *See Shott v. Vedder Price, P.C.,* 527 Fed.Appx. 562, 563 (7th Cir. 2013); *Novak,* 2014 WL 7330925, at *3. As such, Title III forbids defense counsel from excluding Matthew from entering the law office and, once in, from using the law office in the same way that the nondisabled do. *Shott,* 527 Fed.Appx. at 563.

However, Matthew does not assert that defendants interfered with his access to defense counsel's law office during his father's deposition or that he expects that they will do so when his deposition is taken. Nor does Matthew assert that defendants interfered with his use of counsel's office while he was there for his father's deposition. Instead, Matthew's motion concerns a dispute regarding the manner in which his deposition will be taken. The Seventh Circuit held in *Schott* that this type of "discovery dispute" is properly resolved under the standards of Rule 26(c) and not through a claim under the ADA. *Shott,* 527 Fed.Appx. at 564 (citing to Fed.R.Civ.P. 26(c)(1)(B)) (plaintiff's claim that conducing her deposition at defendant

4

law firm's office would "aggravate her disability conditions" is a "discovery dispute" to be resolved under the Federal Rules and not the ADA). Indeed, as stated above, Judge Alonso previously admonished Matthew to seek a protective order under the Federal Rules of Civil Procedure if he desired to have his deposition taken by written questions. (Dckt. #331 at 2). In view of the above authority, this Court finds that the Title III of the ADA does not create any duty on behalf of defendants to accommodate Matthew's disability by deposing him through the use of written questions. Instead, the question of how Matthew's deposition will be conducted will be resolved under the standards of Federal Rule of Civil Procedure 26(c).

> **B.** **Matthew has failed to show that good cause exists for a protective order to bar defendants from taking his oral deposition**

Matthew seeks a protective order to bar defendants from taking his oral deposition because he believes that such a deposition would be injurious to his health. Rule 26(c) provides that protective orders may address "matters relating to a deposition" and that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). The party seeking a protective order bears the burden of demonstrating why the order should be entered. *Global Material Techs., Inc. v. Dazheng Metal Fibre Co., Ltd.*, 133 F.Supp.3d 1079, 1084 (N.D.Ill. 2015). Here, the burden is quite heavy.

"A prohibition against taking an oral deposition is a very unusual procedure and a party who seeks a protective order prohibiting such a deposition bears a heavy burden of demonstrating good cause for such an order." *Armstrong v. MGC Mortg., Inc.,* No. 1:09-CV-00131, 2010 WL 3835703, at *2 (N.D.W.Va. Sept. 28, 2010). Where, as here, a party seeking to bar an oral deposition based on health-related concerns, that party must "'mak[e] a *specific and documented factual showing* that the deposition would be dangerous to the deponent's health.'"

5

*Richards v. Pac. Gas & Elec. Co.,* No. EDCV 17-471-DMG-KK, 2017 WL 10592150, at *2 (C.D.Cal. Oct. 27, 2017), *quoting Minter v. Wells Fargo Bank, N.A.,* 258 F.R.D. 118, 127 (D.Md. 2009) (emphasis in original); *Schoor v. Briarwood Estates Ltd. P'ship*, 178 F.R.D. 488, 491 (N.D.Ohio 1998). Conclusory or speculative statements about the harm that will be suffered – even if made by a treating physician – are insufficient to support entry of a protective order barring an oral deposition. *See, e.g., Arnold v. Wausau Underwriters Ins. Co.,* No. 13-60299-CIV, 2013 WL 5488520, at *2 (S.D.Fla. Sept. 30, 2013); *Campos v. Webb Cty. Tex.,* 288 F.R.D. 134, 136 (S.D.Tex. 2012).

In support of his claim that an oral deposition will cause him harm, Matthew relies on his affidavit (dated January 21, 2020); e-mail correspondence between all plaintiffs and defense counsel regarding Matthew's request for a deposition by written questions; materials documenting the accommodations that Matthew received from Loyola University (dated from August 23, 2013 through November 24, 2017); documentation regarding Matthew's need for IEP (dated from August 24, 2009 through February 6, 2013); documentation regarding Matthew's eligibility to receive accommodations while taking the ACT standardized test (dated April 2012); an October 2011 document concerning Matthew's ACT test score; a "suicidal referral summary form" prepared by the District (dated May 2012); and progress notes (dated in 2012 and 2013) and two "to whom it may concern" letters from Matthew's psychologist Brian T. Post, Psy.D. regarding Matthew's psychological state (dated December 3, 2013 and July 17, 2019).

The Court has carefully reviewed the documentation concerning Matthew's special education accommodations and a March 30, 2013 Due Process hearing decision that is attached as Exhibit B to his Fifth Amended Complaint. These records show numerous cognitive and behavioral issues that required accommodations including anxiety that at times caused a

deterioration in plaintiff's "social emotional health." (Dckt. #235, Ex. B at 12). These records, however, reflect Matthew's condition in 2012 and 2013 instead of at the present time. The progress notes from Dr. Brian Post likewise show that Matthew was suffering from anxiety in 2012 and 2013. (Dckt. # 332 at Ex. J10). The most recent medical evidence regarding Matthew is Dr. Post's July 17, 2019 letter. However, in this letter, Dr. Post does not address Matthew's ability to sit for an oral deposition or opine that he will suffer any harm if he is deposed. Instead, Dr. Post recounts that Matthew has had at least three major depressive episodes in the preceding six years and he recommends that Matthew be permitted to take his Siberian Husky dog with him in public places as an emotional support animal to decrease his risk of another depressive episode. (*Id*. at Ex. J9).

This evidence is patently insufficient to meet Matthew's burden of establishing that there is good cause to excuse him from an oral deposition for health-related reasons. To begin, the medical documentation Matthew submits is stale and outdated and that alone is sufficient to render it inadequate. *See, e.g., S.E.C. v. Children's Internet, Inc.,* No. C-06-6003 CW (EMC), 2008 WL 346419, at *3 (N.D.Cal. Feb. 7, 2008) (discounting physician's declaration submitted in support of a protective order because it was based on an examination that took place *three months* before the motion was filed and was outdated by five months); *Franzen v. Ellis Corp.,* No. 03 C 0641, 2004 WL 2534263, at *2 (N.D.Ill. Sept. 15, 2004) (denying motion for protective order because plaintiff "failed to present current, competent medical evidence" in support of his position).

More fundamentally, none of the above documentation even addresses the hypothetical impact that sitting for an oral deposition would have on Matthew's health, let alone makes the required showing that subjecting Matthew to an oral deposition would be dangerous to his

7

health. *See, e.g., Nelson v. Cty. of Sacramento,* No. 2:12-CV-2040 MCE DAD, 2014 WL 3341349, at *3 (E.D.Cal. July 2, 2014) (denying motion for a protective order where physician provided no evidence "about any possible negative impact on a deposition on defendant Vale's long term health or continued treatment"); *Union First Mkt. Bank v. Bly,* No. 3:13-CV-598, 2014 WL 66834, at *5 (E.D.Va. Jan. 6, 2014) (movant's "submission of three short exhibits consisting of an affidavit and two opinion letters from his primary care doctor" stating the deposition would be "too stressful" for movant did not establish good cause); *Campos,* 288 F.R.D. at 136-38 (affidavit from plaintiff's treating psychiatrist stating that he was "vehemently opposed" to the plaintiff participating in a deposition, and that submitting to a deposition will very likely cause plaintiff to "decompensate into full blown psychotic regression" was insufficient to provide good cause); *Richards*, 2017 WL 10592150, at *2; *Minter,* 258 F.R.D. at 127; *Schoor*, 178 F.R.D. at 491.

The Court has also considered Matthew's affidavit in which he expresses concern that an oral deposition would "pose a threat to my health, cause severe anxiety, stress and psychological harm and humiliation to me." (Dckt. # 332-1 at 7). Matthew has cited no authority for the proposition that the conclusory affidavit of a party - - standing alone - - can provide sufficient good cause to excuse the party from providing an oral deposition. Nor is the Court aware of any authority to this effect. Furthermore, while the Court does not doubt the sincerity of Matthew's concerns, his interest in avoiding what he fears will be unpleasant oral deposition does not outweigh defendants' interests in taking one. *Arnold,* 2013 WL 5488520, at *4. As the *Arnold* observed:

> [b]y bringing this lawsuit, Plaintiff has exposed himself to questioning by Defendant. Defendant is entitled to an opportunity to question Plaintiff about the accident, the promises allegedly made to him regarding coverage, and the extent of his damages.

8

> Plaintiff would be unduly prejudiced if rendered unable to collect information from the very person bringing the claim.

*Id.* The same is true here. Defendants are entitled to question Matthew regarding the allegations of his claims and the damages he alleges that defendants have inflicted upon him.

Nonetheless, even where courts have refused a party's request to prohibit his or her own deposition, they retain the discretion to "impose[] safeguards and conditions on said deposition" to mitigate the concerns that the party has expressed. *Campos,* 288 F.R.D. at 138 (citing cases); *see also Schorr,* 178 F.R.D. at 492 (imposing condition on the manner in which plaintiff's deposition would be taken). To address Matthew's stated concerns, this Court will exercise its discretion to impose the following conditions on his deposition. First, the deposition will take place over two days with defense counsel limited to questioning Matthew for no more than 3.5 hours each day (exclusive of breaks) and for no more than 1.5 hours at a time without a break. Second, defense counsel should pose questions as simply as possible and pace their questions so as to provide Matthew with sufficient time to formulate his answers. Finally, the Court will accommodate Matthew's anxiety by adopting Dr. Post's recommendation that he be permitted to take his emotional support dog to the deposition.[3]

The Court does not find that any further restrictions upon defense counsels' ability to question Matthew at his deposition are warranted. In particular, the Court notes that it has considered Matthew's allegation that he was "intimidated" at his father's deposition by defense counsels' use of "interrogation techniques" that included lies and raised voices. Although

---

[3] This latter condition is arguably required by Title III of the ADA. As the Third Circuit has recognized: "Title III entities are required by regulation to 'modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability.' 28 C.F.R. §36.302. In other words, use of a service animal by a disabled individual 'is reasonable as a matter of law' so long as no Department of Justice-promulgated regulation supersedes this general rule." *Matheis v. CSL Plasma, Inc.,* 936 F.3d 171, 179 (3d Cir. 2019), *quoting Beradelli v. Allied Services Institute of Rehabilitation Medicine,* 900 F.3d 104, 119 (3d Cir. 2018).

Matthew may well have been "intimidated," he has provided nothing - - such as excerpts from the deposition transcript or video - - to substantiate his claims that defense counsel lied, raised their voices, or engaged in any other unprofessional conduct during his father's deposition. The Court presumes that defense counsel know that "[a]s officers of the court, [they] are expected to conduct themselves in a professional manner during a deposition." *Howard v. Offshore Liftboats, LLC*, Nos. 13-4811, 13-6407, 2015 WL 965976, at *2 (E.D.La. March 4, 2015) (citation omitted). Rule 20 of the Seventh Circuit's Standards for Professional Conduct reinforces that requirement by stating that counsel "will not engage in any conduct during a deposition that would not be appropriate in the presence of a judge." Unless and until the Court receives evidence to the contrary, it will presume that defense counsel are adhering to their professional responsibilities during the depositions and other discovery in this case.

    **C.    Matthew has failed to provide good cause for a protective order requiring defendants to take his deposition by written questions rather than by oral questions**

As stated above, Matthew seeks an order requiring defendants to take his deposition by written questions pursuant to Rule 31, which he believes is more like a college "examination" than an oral deposition. (Dckt. #349-1 at 6). Whether or not the deposition of a witness shall be taken orally or by written questions is a matter within the discretion of the Court. *Jones v. Hollenback,* No. CV F 05 1048 OWW DLB, 2006 WL 8458647, at *3 (E.D.Ca. Feb. 8, 2006).

Although a deposition by written questions may be appropriate under "limited circumstances," *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 549 (S.D.N.Y. 1989), such depositions "are rarely, if ever, used in modern litigation." *Fid. Int'l Currency Advisor a Fund, LLC v. United States,* No. CV 05-40151-FDS, 2007 WL 9412764, at *3 (D.Mass. May 23, 2007). This is so because deposing a witness through written questions is disfavored since it

10

deprives counsel "the opportunity to [promptly] ask follow-up questions, observe the witness's demeanor, or evaluate his credibility." *See P.H. Int'l Trading Co. v. Christia Confezioni S.p.A.*, No. 04 C 903, 2004 WL 2538299, at *1 (N.D.Ill. Sept. 24, 2004); *Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 397 (S.D.N.Y. 2006). The "limited circumstances" under which depositions by written questions have been considered appropriate include "where the issues to be addressed by the witness are narrow and straightforward and the hardships of taking an oral deposition would be substantial," *Mill-Run Tours*, 124 F.R.D. at 549, or "when dealing with neutral or 'friendly' witnesses." *Jones*, 2006 WL 8458647, at *4. On the other hand, such a deposition is "not suitable for a situation" where "the witness is hostile and the testimony is likely to be controversial." *Jones*, 2006 WL 8458647, at *4; *United States v. Real Property Located at 700 N. 14th St., Springfield, Il.*, No. 12-cv-3052, 2013 WL 5595952, at *2 (C.D.Ill. Oct. 11, 2013).

In this case, a deposition by written questions is not appropriate. Matthew's interests are materially adverse to defendants' interests, and it is evident that some level of hostility has developed between the parties. Moreover, Matthew will be called upon to provide broad-ranging testimony regarding the entirety of his knowledge of defendants' alleged violations of law and the damages that he has alleges that he suffered on account of their actions. Given Matthew's belief that he will experience difficulties in properly processing defense counsels' questions, it is imperative that counsel have the opportunity to provide clarification, rephrase their questions, and to immediately pursue follow-up lines of inquiry concerning events that took place as long ago as 2009 according to the Fifth Amended Complaint. (Dckt. #235 at 2). A deposition by written questions would prejudice defendants by depriving their counsel of these opportunities.

Furthermore, the Court disagrees with Matthew's suggestion that a deposition by written

questions would be less stressful for him than an oral deposition.[4] A deposition by written questions is not like a written college take-home exam. *See Dallas Buyers Club*, 2016 WL 3854547, at *1 ("it is clear that depositions by written questions entail more than mailing questions to the deponents and awaiting their written response") (internal quotation marks omitted). Although the questions are written in advance of the deposition, the questions would be read out loud to the witness by the officer designated to take the deposition and Matthew will still be expected to provide sworn oral answers on the spot. *See Riser v. Washington State Univ.*, No. 2:18-CV-0119-TOR, 2019 WL 5258049, at *2 (E.D.Wash. June 19, 2019). Consequently, Matthew would face many of the same challenges and difficulties that he has identified during the course of a deposition by written questions as he would face during an oral deposition.

**D.** **Matthew has failed to provide good cause for a protective order requiring defendants to take his deposition by written questions rather than by oral questions**

Finally, Matthew requests that the Court enter an order barring the defendant teachers from attending his deposition because he "has a history of depression and the teachers' presence [would] ha[ve] an intimidating effect on his testimony and negatively impact his health." (Dckt. #332 at 14-15). Federal Rule of Civil Procedure 26(c)(1)(E) allows a court to decide "the persons who may be present while the discovery is conducted" including those who may attend a party's deposition. *Esebag v. Whaley,* No. CV 18-0844 R (RAO), 2019 WL 8013118, at *3 (C.D.Cal. Sept. 9, 2019). Matthew has the burden of showing good cause for the entry of a protective order to bar the teachers he has sued from attending his deposition. Once more, this is a heavy burden.

---

[4] Indeed, other courts have likewise found that "a deposition by written questions is not actually less burdensome than an oral deposition." *Richards,* 2017 WL 10592150, at *2 (citing to *Dallas Buyers Club, LLC v. Doe-70.181.229.254,* No. 16CV317-BAS (DHB), 2016 WL 3854547, at *1-2 (S.D.Cal. July 15, 2016)).

12

Because plaintiffs have sued the individual teachers and thereby made them parties to this lawsuit, their right to attend Matthew's deposition "'has a constitutional dimension and is therefore entitled to special protection.'" *Valentine v. Nielsen,* No. 16CV2357-W(KSC), 2018 WL 1281797, at *7 (S.D.Ca. Mar. 9, 2018), *quoting Hines v. Wilkinson,* 163 F.R.D. 262, 266 (S.D.Ohio 1995). Consequently, although a court can prohibit a party from attending a deposition, "[t]he case law is clear that such power should be used rarely and only in extraordinary circumstances." *Lee v. Denver Sheriff's Dept.*, 181 F.R.D. 651, 653 (D.Colo. 1998) (citing cases); *Galella v. Onassis,* 487 F.2d 986, 997 (2d Cir. 1973); *Esebag*, 2019 WL 8013118, at *3; *Miller v. Ortiz,* No. CV-15-02498-PHX-SPL, 2016 WL 11656679, at *1 (D.Ariz. May 19, 2016); *Hines,* 163 F.R.D. at 266. To provide good cause to exclude the teachers from his deposition, Matthew must make a "specific showing of harm" to him that may occur if they are present. *Esebag*, 2019 WL 8013118, at *3; *Miller*, 2016 WL 11656679, at *1. Accordingly, "protective orders excluding parties from depositions have been granted where there is evidence of potential harm to a deponent's mental health if a party is present at the deposition, or where there was physical contact or multiple threatening encounters between the deponent and the party." *Esebag*, 2019 WL 8013118, at *3 (citing cases); *see Galella,* 487 F.2d at 997 (protective order to exclude defendant from plaintiff's deposition where he had previously harassed her in violation of the court's restraining order).

In this case, Matthew does not claim - - let alone offer any evidence - - that the teachers' presence at his deposition will threaten his health. Instead, he asserts that their presence will have an intimidating effect on his testimony, and this falls far short of meeting his burden to show that they should be excluded from his deposition. It is not enough that the teachers' presence might make him "uncomfortable" or cause him to have general concerns about his

safety and security because they allegedly violated his rights many years ago. *Valentine*, 2018 WL 1281797, at *7; *Esebag*, 2019 WL 8013118, at *4; *see also Sincavage v. Schott N. Am.,* No. 3:18-C-01231, 2019 WL 6280314, at *1-2 (M.D.Pa. May 30, 2019).[5] Matthew "brought this suit against [the teachers]. [H]e will eventually need to face [them] to successfully prosecute h[is] case." *Sincavage,* 2019 WL 6280314, at *2. As in *Sincavage,* Matthew does not differentiate between the teachers' presence at his deposition and their presence at trial and "there is no evidence that the particular characteristics of a deposition would uniquely cause any more harm than trial proceedings." *Id.*

Furthermore, the cases that Matthew relies upon are factually distinguishable because they concern the issue of whether *non-parties* (such as former supervisors or corporate representatives) should be excluded from a party's deposition. (Dckt. #332 at 15). It is well-settled that "'[f]actors that might justify exclusion of non-parties from a deposition might not be sufficient to exclude parties because of the parties' more substantial interest in being present.'" *Valentine,* 2018 WL 2018 WL 1281797, at *7, *quoting Hines,* 163 F.R.D. at 266; *Sincavage*, 2019 WL 6280314, at *1. For these reasons, the Court declines to enter a protective order barring the defendant teachers from attending Matthew's deposition.

## CONCLUSION

For all of the above reasons, plaintiff Matthew Stanek's motion for a protective order [332] is granted in part and denied in part. Defendants are entitled to take an oral deposition of plaintiff subject to the conditions specified in this memorandum opinion and order. Plaintiff Matthew Stanek's deposition shall take place before the individual defendants are deposed.

---

[5] In *Sincavage,* the court held that the plaintiff failed to present "compelling or exceptional circumstances" that would warrant defendant's exclusion from her deposition notwithstanding the fact that plaintiff accused defendant of sexually assaulting her and she presented evidence from her physicians to support her position that defendant should be excluded. *Sincavage,* 2019 WL 6280314, at *1-2.

14

Defendant teachers are free to attend Plaintiff Matthew Stanek's deposition if they desire to do so.

ENTER:

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Hon. Jeffrey Cummings**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**

**Dated: March 19, 2020**